[Civ. No. 2605.   Second Appellate District, Division One.—December 4, 1918.]

JOHN GUDERITZ, JR., an Infant, etc., Respondent, v. BOADWAY BROS. (a Corporation), Appellant.

NEGLIGENCE—ACTION FOR PERSONAL INJURIES — APPEAL — REVIEW OF EVIDENCE.—Upon appeal from a judgment and an order denying a new trial in an action for damages for personal injuries based on the negligence of the defendant, the appellate court has no concern with the question of the preponderance of the testimony, since the only matter for determination is as to whether there is evidence which, if given its fullest effect in support of the verdict, is legally sufficient to support the finding upon the issues.

ID.—INJURY TO BOY WHILE RIDING BICYCLE — COLLISION WITH AUTO TRUCK—IDENTITY OF TRUCK — NEGLIGENCE OF DRIVER—FINDINGS SUPPORTED BY EVIDENCE.—In this action for damages for personal injuries sustained by a boy of ten years while riding a bicycle on

a city street from being overtaken and run down by an automobile truck, it is held the evidence is sufficient to establish the identity of the truck as one belonging to defendant, and also to support the implied finding of negligence on the part of the driver of the truck.

ID.—VERDICT NOT EXCESSIVE.—A verdict of two thousand five hundred dollars is not excessive for injury to a boy of the age of ten years, where it is shown that before the injury he was bright, alert, active, intelligent, industrious and dependable, and after the accident he was dull, stupid, listless, forgetful, and susceptible to headaches and dizziness, which continued up to the time of trial.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION.—Refusal to grant a new trial on the ground of newly discovered evidence is not an abuse of discretion, where the evidence is of a cumulative character and no sufficient reason is disclosed why such evidence could not have been produced at the trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Hahn & Hahn  for Appellant.

George S. Carter  for Respondent.

MYERS, J., *pro tem.*—Defendant appeals from a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, after verdict for the plaintiff in an action to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of the negligence of the defendant.

The plaintiff, a boy of ten years, was riding a bicycle easterly on Colorado Street in the city of Pasadena, between 11 and 12 o'clock in the forenoon, and was riding on the right-hand side of the street, within three or four feet of the curb. An automobile truck loaded with furniture overtook him from the rear and, in attempting to pass him, collided with him and threw him to the pavement.    The injuries suffered by him were due to the fall on the pavement.

Appellant contends that the evidence is insufficient to establish the identity of the truck as one belonging to defendant. Counsel say: "We submit that the preponderance of the tes-

timony does not show that the truck in question was the truck of the defendant.'' Of course, this court has no concern with the question of the preponderance of the testimony. It is not within our province to weigh the evidence and determine where the preponderance lies. The only question for our determination in this connection is, Was there evidence which, if given its fullest effect in support of the verdict, was legally sufficient to support a finding in favor of plaintiff upon this issue? We find that one witness who saw the accident, positively identified the truck as one belonging to the defendant, and further stated that it had defendant's name painted upon its side. Another witness also identified it as defendant's truck, though not so positively. The fact that his testimony was somewhat shaken upon cross-examination might well have been argued to the jury, but is of no importance here. The testimony was amply sufficient, if believed by the jury, to support a finding in favor of the plaintiff upon this issue.

It is contended that the evidence is insufficient to support the implied finding of negligence on the part of the driver of the truck. One witness, who at the time of the accident was driving easterly on Colorado Street, about half a block in the rear of the plaintiff, testified that the truck in question passed her going at the rate of about thirty miles per hour; that ''they turned in and then out again to the left and went in front of me, and then turned out again. When they turned out again the boy was lying on the pavement. The truck did not stop.'' Another witness testified that no horn was blown, and further described the accident as follows: ''I should say the truck was from three to four feet from the curb when I first saw it. The truck swerved in nearer the curb when it struck the boy. I do not think it could have helped see the boy. There were two men on the truck. They were looking ahead as far as I could see. The truck crowded the boy into the curb. When the boy was hit he did not have a chance to get on to the sidewalk, so you can judge how close the truck must have been.'' This testimony was clearly sufficient to support the finding of negligence, and the circumstance that some discrepancy was developed in the testimony of these two witnesses upon cross-examination was a consideration which addressed itself to the jury in the court below, but is of no moment here.

Appellant contends that the verdict, which was in the sum of two thousand five hundred dollars, is excessive, and that the evidence wholly fails to show that the plaintiff suffered any such amount of damages. "It is only where the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts, as to shock the sense of justice, and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment, that the judge is at liberty to interpose his judgment as against that of the jury." (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156, 164, [47 Pac. 1019, 1021].) Giving to the evidence, as we must, its fullest effect in support of the verdict, we find that the plaintiff, when picked up some minutes after the accident, was unconscious and bleeding from his head and mouth and forehead; that he was confined to his bed for about a week and a half; that after the accident he went to the public school only a short time; that before the accident he was bright, alert, active, intelligent, industrious, and dependable; that thereafter he was dull, stupid, listless, and forgetful and suffered from headaches and dizziness, from all of which he had never suffered prior to the accident; that the latter conditions obtained right up to the time of the trial. If the jury had specially found that plaintiff sustained injuries resulting in physical and mental impairment of a permanent character, we could not say that such finding was not supported by this evidence, and under these circumstances we cannot say the verdict is "so grossly disproportionate as to shock the sense of justice or raise a presumption that it is based on prejudice or passion."

It is contended that the trial court should have granted a new trial on the ground of newly discovered evidence. This evidence, as disclosed by the affidavit, consisted of the statements of two former employees of the Lyon-McKinney-Smith Company of Los Angeles to the effect that said company owned a truck closely answering to the description of the truck involved in this accident, and that said truck made a trip to Pasadena loaded with furniture on the morning of the accident. The question of the identity of the truck involved in the accident was one of the principal issues at the trial. No sufficient reason is disclosed by the affidavit why the testimony of these two witnesses could not have been produced at the trial if a diligent effort had been made to procure it.

"The claim of newly discovered evidence warranting a new trial is universally looked upon by the courts with distrust and disfavor. Public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce at his trial all existing evidence in his behalf." (*People* v. *Byrne,* 160 Cal. 217, 225, [116 Pac. 521, 525].) "In order to obtain a new trial because of newly discovered evidence, the applicant must show that he used reasonable diligence to discover it prior to the trial and that he failed to discover it and did not, in fact, know of it in time to produce it, or in time to apply for a continuance in order that he might produce it, at the trial." (*Pollard* v. *Rebman,* 162 Cal. 633, 636, [124 Pac. 235, 237]; *Gallatin* v. *Corning Irrigation Co.,* 163 Cal. 405, 420, [Ann. Cas. 1914A, 74, 126 Pac. 864].) Furthermore, this evidence, if it had been produced, would have been merely cumulative to other evidence which was produced by defendant upon the trial. The question before the trial court, where the newly discovered evidence is simply cumulative, is "whether if such evidence had been presented on the trial of the cause it would probably have produced a different result. The determination of that question is peculiarly within the province of the trial court. It is a matter addressed wholly to its discretion and as a general proposition whether its ruling is favorable or unfavorable on a motion for a new trial based on newly discovered evidence which appears to be merely cumulative, that discretion will not be reviewed except for manifest abuse." (*Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126, 135, [138 Pac. 712, 715].) There is here no showing of abuse of discretion by the trial court in denying the motion for new trial on this ground.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.