[Civ. No. 498. Fourth Appellate District.—August 13, 1931.]

MARTIN VERTSON, Plaintiff and Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents; UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Intervener and Appellant.

A. H. Blum and John V. Morris for Plaintiff and Appellant.

Edward C. Mills and Harold J. Hunter for Intervener and Appellant.

Erwin P. Werner, City Attorney, W. B. Mathews, Deputy City Attorney, William E. Balter and Kenneth K. Scott for Respondents.

JENNINGS, J.—This action was instituted to recover damages from the City of Los Angeles and the Department of Water and Power of said city for personal injuries.

The United States Fidelity and Guaranty Company, compensation insurance carrier for Francisco and Ellington, plaintiff's employers, who were independent contractors with said City of Los Angeles, obtained permission to intervene in the action and filed a complaint in intervention seeking to recover from the City of Los Angeles and its Department of Water and Power certain sums of money theretofore paid by said insurance carrier to plaintiff under the terms of the insurance contract made by said insurance carrier with plaintiff's employers and a larger sum which it alleged it would be compelled to pay to said plaintiff in the future because of the injuries suffered by plaintiff which it was alleged had rendered him permanently and totally disabled for the remainder of his life.

Upon the conclusion of the trial a verdict was returned in favor of plaintiff. The defendants moved for a new

trial which was granted. Plaintiff and the intervener appeal from the order granting a new trial.

The following facts are alleged in the complaint, and at the trial evidence tending to support them was presented to the court. For some time prior to July 15, 1926, respondents owned and operated a system for the manufacture and distribution of electric current. As a part of this system, respondent, the Department of Water and Power of the City of Los Angeles, maintained and operated an electric power line along the east side of Bernal Avenue in the City of Los Angeles. This power line was constructed in the year 1923. On poles forty feet in length set approximately seven feet in the ground were strung two 4,600-volt primary power wires and approximately ten feet from the top of the poles and the same distance from the power wires were cross-arms, carrying telephone wires. Between the cross-arms carrying the power wires and those carrying the telephone wires were cross-arms at right angles to them which carried service wires to residences in the vicinity. The power line extended from a substation on Mateo Street in the City of Los Angeles a distance of about one and one-half miles from the place of the accident. In the substation there was an instrument termed a circuit breaker which was so constructed and arranged as to operate in such a manner as to de-energize the power wires, in case they should come together or a short circuit should be caused by some outside agency coming in contact with them. This circuit breaker worked automatically.

On July 15, 1926, Francisco and Ellington, independent contractors with the respondent City of Los Angeles, were constructing a storm drain on Bernal Avenue in the City of Los Angeles. In the construction of the storm drain, the contractors used a large drag-line machine for the laying of concrete pipe in the drain. The pipe was in sections, each section weighing about four tons. The drag-line machine had attached to it and as a part of it a steel boom or crane forty feet in length, attached to which there was a steel cable having grab-hooks at its end. In laying the sections of pipe, the machine was so operated that the boom was swung around so as to attach the hook at the end of the cable to the pipe and swing over the ditch and lower the pipe to men working in the ditch.

On July 15, 1926, Martin Vertson, appellant herein, an employee of Francisco and Ellington, was working in the storm drain, laying pipe. While he was thus engaged the power wires of respondents fell and coming in contact with him inflicted upon him painful and serious burns.

The trial resulted in a verdict in the sum of $15,000 in favor of appellant. A motion for a new trial was made by respondents on the following grounds: (1) Accident or surprise, (2) newly discovered evidence, (3) excessive damages, (4) insufficiency of the evidence and (5) errors in law. The order granting a new trial was general and did not specify on what ground it was granted. It must be presumed therefore that it was not based on the ground of insufficiency of the evidence. (Sec. 657, Code Civ. Proc.) With the exception of this ground the court's order should be affirmed if upon examination of the entire record it appears that a new trial should have been granted on any ground specified in the motion. (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 129 [138 Pac. 712]; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 451 [168 Pac. 1033]; *Phillips* v. *Powell*, 210 Cal. 39 [290 Pac. 441].)

Respondents herein rely upon only three grounds, to wit: Newly discovered evidence, excessive damages and errors in law. We may therefore properly confine our attention to them. Furthermore, it may be remarked that the voluminous record fails to disclose any irregularity in the proceedings of the court, jury or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial or that there was any misconduct on the part of the jury, or that respondents suffered from any accident or surprise which could not have been guarded against by the use of ordinary prudence.

In support of their motion for a new trial on the ground of newly discovered evidence, respondents presented the affidavits of thirteen persons. Of these, but two contain the statement that the affiant actually saw the boom of the trench machine strike the power wires. Five other affidavits contain statements that affiant in each instance saw the boom of the trench machine in proximity to the wires. This is significant since respondents, during the trial of the action, strenuously maintained as their principal defense that the boom of the drag-line machine operated by the contractors

then engaged in constructing the storm drain for the City of Los Angeles had come in contact with the power wires, causing them to short circuit and fall. Two affidavits are made by individuals who state that they are employees of respondent, the Department of Water and Power of the City of Los Angeles.

One of these affidavits states that the affiant, for two months prior to the accident which caused plaintiff's injuries and for a like period thereafter, had been kept busy repairing power wires along Bernal Avenue, which had been struck and damage by the boom of the trench machine of Francisco and Ellington. The second affidavit states that the affiant had inspected the power line on Bernal Avenue three days prior to the accident and found that it was in good safe condition and further that affiant knew that the power line from the time of its construction in 1923 had been maintained in good condition and was in good condition on the date of the accident. Of the remaining four affidavits one is the affidavit of a photographer who states that on the day following the accident he took two photographs of the power line and drain and trench machine, which were attached to the affidavit. Three remaining affidavits are made by individuals employed by respondents, the Department of Water and Power of the City of Los Angeles, to investigate the accident and secure the names and addresses of persons who might have witnessed it. The affidavits of these investigators have an important bearing on the question of diligence since subdivision 4 of section 657 of the Code of Civil Procedure reads as follows: "Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."

It is, therefore, only such newly discovered evidence which could not with reasonable diligence have been discovered and produced at the trial that entitles the party aggrieved to a new trial on the ground of newly discovered evidence. It is to be remembered that the accident occurred on July 15, 1926, and that the trial which resulted in a verdict for appellant was begun on August 1, 1928, and continued from day to day until it was finally concluded on August 8, 1928, when the jury returned its verdict. This was more than two years subsequent to the happening of the

accident. Further, it is to be noted that the trial wherein a verdict was rendered was the second trial of the action, a prior trial during the month of June, 1928, having resulted in a disagreement of the jury. It is, therefore, highly significant that for a period of more than two years following the accident, during which two trials of the action were had, evidence bearing on the important feature of the boom of the trench machine coming in contact with the power wires should not have been discovered but that within ten days subsequent to the date upon which an adverse verdict was returned it should come to light. Despite the emphatic avowals of diligent search for witnesses contained in the affidavits of the gentlemen who conducted the investigation of the accident for respondents, the bald facts indicate surprising lack of diligence. During the hearing of the motion for a new trial the trial court made the pertinent observation that the court was amazed at the number of affidavits presented and their contents and expressed its inability to understand that counsel for respondents should not have discovered the evidence contained in the affidavits prior to the trials of the action and particularly prior to the second trial.

There is no showing whatever that the testimony of the two employees of the Department of Water and Power of the City of Los Angeles who made affidavits relative to their inspection of the power line and their declarations that it had been maintained in good condition since its construction and was in safe condition a few days prior to the accident could not have been produced at the trial.

The claim of newly discovered evidence is not looked upon with favor by the courts (*People* v. *Byrne,* 160 Cal. 217, 225 [116 Pac. 521]; *Guderitz* v. *Boadway Bros.,* 39 Cal. App. 48, 52 [177 Pac. 859]), and strict showing of diligence is required. (*Pollard* v. *Rebman,* 162 Cal. 633, 636 [124 Pac. 235]; *People* v. *Byrne, supra.*) Under the circumstances herein appearing, it is a fair conclusion that the court did not grant the motion on the ground of newly discovered evidence. If the court did grant the motion on this ground we are of the opinion that it abused the discretion vested in it in such matters in view of respondents' failure to make proper showing of diligence.

■ It is contended that the court may have granted the motion for a new trial on the ground that the damages awarded by the jury were excessive. It appears that, during the trial, the court over the objection of respondents, permitted appellant to exhibit to the jury deep scars upon his body caused by the burns which he suffered as a result of the electric power wires coming in contact with his person. It is said that this exhibition may well have excited the sympathy of the jury and aroused in their minds a prejudice against respondents which is reflected in the verdict. As to this point, the important question is whether, bearing in mind the injuries sustained, the verdict is so large as to indicate that it was given as a result of passion or prejudice. It is elementary that in cases of this character damages are properly awarded for the purpose of compensating the injured party for the injuries sustained. The uncontradicted evidence presented by appellant shows that he suffered third-degree burns involving a large area on the left side of the head which eventually sloughed off, that the left ear was completely burned off and the bone was exposed over the mastoid down into the neck; that he received a deep burn on the left side of the neck and another on the right shoulder involving the right upper arm with the muscles sloughed off down to the large bone in the upper arm; that there was a large burned area about fourteen inches long and from eight to ten inches wide in the lower back which sloughed off down to the bones of the lower part of his back; that as a result of the injuries sustained by him he became totally deaf in the left ear and has a constant loud roaring noise in the left ear due to injury to the internal ear; that his vision is seriously impaired; that he has marked weakness and limited motion in his right arm. It appears that subsequent to the date of his injuries he was confined in a special hospital for about ten months, during which time approximately twenty-six skin-graft operations were performed. The physician who cared for him was of the opinion that appellant is totally and permanently disabled and stated that appellant is the most extensively burned case that he had ever seen recover and that he suffered a very great deal because of the extensively burned areas on various parts of his body, rendering it necessary for him to lie on one of them during all of the

time he was in the hospital. The bare recital of the unusually painful and serious injuries sustained by appellant and the results of these injuries produces certain conviction that the damages awarded by the jury were not excessive, that they could not have been awarded as a result of passion, sympathy or prejudice, and leads irresistibly to the conclusion that the trial court could not, without seriously abusing the discretion vested in it, have granted the motion for a new trial on the ground that the damages awarded were excessive.

It is finally urged that the motion for a new trial may have been granted because of errors of law committed by the court during the trial of the action. The errors which it is contended were committed are the following: First, that the trial court improperly gave to the jury instructions defining the doctrine of *res ipsa loquitur* and relating thereto; second, that the court improperly denied a motion for a nonsuit made by respondents upon the close of appellant's case; and third, that the court improperly denied the motion of respondents for a directed verdict at the conclusion of the trial.

With reference to the first of the three alleged errors, it is contended that the complaint sets out a cause of action for the recovery of damages for personal injuries wherein are contained allegations of specific negligence in the maintenance and operation of the power line and it is said that, this being true, appellant was held to proof of the specific negligence charged and that the doctrine of *res ipsa loquitur* is not applicable and that the court erred in giving instructions relative to the doctrine.

That portion of the complaint wherein are contained allegations charging respondents with negligence is as follows:

''That the defendants and each of them carelessly, negligently and unlawfully constructed and maintained said power line and the fastenings of the wires thereto to the cross-bars, and the cross-bars to the poles upon which the said power line was suspended, and that at the time of the plaintiff's injuries the defendants, and each of them, were negligently, carelessly and unlawfully maintaining and operating said described power lines so that on the 15th day of July, 1926, the wires thereof, a short distance from the cross-bars on the said described Pole 3, broke and fell on,

upon and against the plaintiff who was at said time and place working in the said storm drain, and that the said wires discharged fierce, seething flames of ·electricity which came in contact with the body of the plaintiff causing the injuries hereinafter described.''

It is to be observed that it is therein alleged that respondents carelessly and negligently constructed and maintained the power line and the fastenings of the wires thereto to cross-bars and cross-bars to poles upon which the power line was suspended and that this declaration is followed by a general allegation that respondents were negligently and carelessly maintaining and operating the power line at the time of the accident so that the wires broke and fell upon the appellant, causing injuries thereafter described. In *Connor* v. *Atchison etc. R. Co.*, 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378], it is said that the general rule relative to the application of the doctrine of *res ipsa loquitur* is that where a plaintiff in his complaint gives the explanation of the cause of the accident alleging specifically the negligent acts or omissions complained of instead of relying upon a general allegation of negligence, the doctrine does not apply. The decision in *Marovich* v. *Central California T. Co.*, 191 Cal. 295 [216 Pac. 595], is to the same effect. In the latter case it is said that, where a plaintiff in his complaint makes no general allegation of negligence or no allegation of general negligence, instructions applying the doctrine of *res ipsa loquitur* should not be given since the plaintiff is held to proof of the specific negligent acts alleged. In *Burke* v. *Dillingham*, 84 Cal. App. 736 [258 Pac. 627], it is said that the general rule with respect to the application of the doctrine of *res ipsa loquitur* is subject to the limitation that where negligence is alleged generally and specific acts of negligence are also alleged, the plaintiff is entitled to have an instruction relative to the doctrine given even where the allegations appear in the same count. This declaration finds support in the decisions in *Roberts* v. *Sierra R. Co.*, 14 Cal. App. 180 [111 Pac. 519, 527, and *Bourquignon* v. *Peninsular R. Co.*, 40 Cal. App. 689 [181 Pac. 669], cited by the court as sustaining authorities. However, it would appear that appellant was entitled to the instruction defining the doctrine of *res ipsa loquitur* under the general rule above stated, for analysis of the language of the complaint herein-

above quoted indicates an attempt on the part of the pleader to allege negligence generally without describing specifically acts or omissions complained of as negligent. The language relied upon by respondents as containing specific allegations of negligence is as follows: "That the defendants and each of them carelessly, negligently and unlawfully constructed and maintained said power line and the fastenings of the wires thereto to the cross-bars, and the cross-bars to the poles upon which the said power line was suspended." This amounts to no more than a general allegation that respondents negligently constructed and maintained the power line and its various instrumentalities consisting of wires, fastenings of wires to cross-bars and cross-bars to poles. There is no attempt to plead any particular act or omission, as for instance that the cross-bars carrying the power wires were insecurely attached to the poles or that the power wires were insecurely attached to the cross-arms. Since this is the case, the general rule hereinabove noted would appear to be applicable and the trial court committed no error in giving instructions relating to the doctrine of *res ipsa loquitur*. (*Diller* v. *Northern California Power Co.*, 162 Cal. 531 [Ann. Cas. 1913D, 908, 123 Pac. 359].)

The contention that the trial court committed error in denying respondents' motion for a nonsuit at the close of appellant's case is closely related to the matter discussed in the preceding paragraph. Appellant in his case in chief introduced evidence which established the happening of the accident and the injuries sustained by him as a result of the accident and, it being stipulated that respondents maintained and operated the power line, rested. Respondents thereupon moved for a nonsuit on the ground that the complaint having specifically alleged negligence, appellant was required to offer proof tending to show the specific acts of negligence alleged. The motion was properly denied and no error was committed thereby for there are no specific allegations of particular acts or omissions claimed to have been negligent, hence it was sufficient for appellant to prove merely the happening of the accident and the injuries sustained by him and it was then incumbent upon respondents to offer proof tending to show that, in spite

of the presumption of negligence raised by the falling of the wires of a power line under the exclusive control of respondents, there was in fact no act committed and no failure to perform any act required that would constitute negligence on the part of respondents.

It is contended that the trial court committed error in denying defendants' motion for a directed verdict at the conclusion of the trial. The rule with respect to granting motions of this character is well settled in California. If no evidence is produced upon which a jury could properly find a verdict for the party upon whom rests the onus of proof, the court should direct a verdict for the opposite party. (*Bohn* v. *Pacific Elec. R. Co.,* 5 Cal. App. 622 [91 Pac. 115].) The determination of whether the court erred in denying a motion for a directed verdict necessarily involves a consideration of the evidence produced at the trial. After appellant had rested and the court had denied a motion for a nonsuit, respondents produced the testimony of a number of witnesses tending to show that the power line had been properly constructed and properly maintained and operated. Evidence was also presented tending to show that the boom of the trench machine operated by the contractors constructing the storm drain had come in contact with the power wires and that they thereupon fell, striking appellant. The intervener and the appellant in rebuttal produced the testimony of witnesses tending to show that the boom of the trench machine did not prior to the accident come in contact with the power wires. The evidence on this point was obviously in conflict and there were presented questions of fact for the determination of the jury.

Respondents' evidence tending to show proper construction and careful maintenance of the power line and the various instrumentalities connected with it, including the circuit breaker, was evidence whose effect would be to overcome the presumption of negligence which arose from the happening of the accident. It was for the jury to determine whether such evidence was sufficient to overcome the presumption. (*Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877]; *Ireland* v. *Marsden,* 108 Cal. App. 632 [291 Pac. 912].)

126

Under the circumstances herein appearing, it seems clear that the motion for a directed verdict in respondents' favor was properly denied.

It follows, therefore that there was not, in our opinion, any legal showing made by respondents sufficient to justify the trial court in granting the motion for a new trial. █

It is true that the trial court is vested with extensive discretion .in the consideration and determination of motions of this character. Nevertheless, the power of the court is not unlimited and if, upon full consideration of the record, it appears that the court erred in the application of the legal principles applicable to a cause in granting a motion for a new trial such action will be corrected on appeal as readily as if the motion had been overruled. (*Estate of Baird,* 198 Cal. 490, 507 [246 Pac. 324].)

For the reasons hereinabove set forth the order of the court granting a new trial is reversed.

Barnard, P. J., and Marks, J., concurred.