[Civ. No. 12867. First Dist., Div. Two. Nov. 28, 1945.]

BROWN-FORMAN DISTILLERS CORPORATION (a Corporation), Respondent, v. WALKUP DRAYAGE AND WAREHOUSE CO. (a Corporation) et al., Appellants.

Walter McGovern for Appellants.

Single & Herrington for Respondent.

NOURSE, P. J.—Plaintiff sued Walkup Drayage and Warehouse Co., and, by leave of court, substituted for Fourth Doe Corporation the Merchants Express Corporation. Both corporations are operated under the same management and both joined in the defense of the action. The suit involves the failure of the defendants as common carriers to deliver under contract sixty-five cases of whiskey of the value of $2,479.75. The cause was tried to the court without a jury and plaintiff had judgment against both defendants for the breach of the contract of carriage in the value of the goods lost.

The appeal is grounded solely upon the question of the sufficiency of the evidence to support the judgment. Following the accepted rule we will state the facts in the light most favorable to the prevailing party.

On December 22, 1942, plaintiff had stored in the Metlar Warehouse located at 750 Second Street, San Francisco, a large quantity of bottled whiskey. At about 1:30 p. m. of that day the shipping clerk at the warehouse telephoned to defendants to send one of their trucks to the warehouse to transport to a consignee in Oakland two hundred and twenty-five cases of such whiskey. The telephone operator received the call and turned it over to one of defendants' dispatchers who immediately accepted it and assigned one of his drivers to "pick up" the merchandise. Within half an hour thereafter the driver arrived at the warehouse with a "Walkup" truck and loaded one hundred and twenty-nine cases on his truck. Unable to carry any more cases on the truck the

driver went to the warehouse telephone and called one of defendants' dispatchers to suggest that a second truck be sent to pick up the rest of the consignment. The driver then informed the plaintiff's shipping clerk that another truck would be along from Walkup to pick up the rest of the load in about twenty or thirty minutes. The dispatcher at defendants' office however failed to put the order through in accordance with the office practice. In about twenty minutes after this conversation another "Walkup" truck arrived. Both trucks were painted a bright red color which defendants used as one means of marking and identifying their fleet of some six hundred trucks which they were operating in the San Francisco and Oakland territory at the time. Both had painted on the sides in large red letters the word "Walkup." These features were known and recognized by plaintiff as distinguishing marks of defendants' trucks.

When the second driver appeared at the warehouse he asked the shipping clerk what he "had for Highway or P.M.T." The clerk told him he had nothing for either one, "just the balance for Merchants." The driver answered, "that is what I am after." (These expressions refer to Highway Transport Inc., Pacific Motor Transport, and Merchants Express Corporation.) Sixty-five cases of the whiskey were then loaded on the second truck. When the shipping clerk moved to the rear of the warehouse the driver got into the truck and moved rapidly away. One of plaintiff's employees followed him in his private car but lost the truck in the traffic. The shipping clerk immediately called the defendants' dispatcher who informed him that he had not dispatched a second truck to pick up the remainder of the consignment and that his records showed that such order was still "open." Though search was made for the missing liquor it was not found, and the identity of the second driver was not learned.

Appellants stress the lack of direct evidence that the second truck was driven by one of their employees. As the driver of that truck has not been identified respondent relies upon the inferences arising out of the operation of the truck. To support these inferences it is conceded that they must be founded on the facts in evidence. The facts proved, says the respondent, are both actual and circumstantial. These facts, as distinguished from the inferences, are: the appellants promised over the telephone to send another truck within twenty or thirty minutes. Twenty minutes after the

call the second truck arrived at respondent's warehouse. This truck was painted a bright red color and was plainly marked "Walkup." This painting and marking was precisely the same as some six hundred other trucks operated by appellants in the same locality, and was the same as those which appellants had sent on request of respondent on numerous occasions. The evidence is clear that the only means of identifying these numerous trucks as belonging to appellants were these identifying marks on the trucks themselves. There is no evidence that each driver wore a special uniform, badge, or other form of identification. Appellants argue that respondent should have asked the name of the driver. What this would have accomplished does not appear.

The question of law involved is whether, on all these facts and circumstances, a reasonable inference may be drawn that respondent made delivery of the goods to appellants under their contract of carriage. This is the inference which was drawn by the trial court in its finding that defendants received the goods from plaintiff under an agreement to transport and deliver but "failed, neglected and refused to transport and deliver . . . 65 cases thereof. . . ." ▮ Appellants argue that, to support this finding it was necessary to impose one inference on another and cite *Hamilton* v. *Pacific Electric Ry. Co.*, 12 Cal.2d 598, 602 [86 P.2d 829], as holding that such a course of reasoning is not permitted. No authority for the statement was cited in the Hamilton case and it has been criticized in *West Coast L. Ins. Co.* v. *Crawford*, 58 Cal.App.2d 771, 783 [138 P.2d 384], where several authorities are cited, some of which flatly reject the statement as unsound, others accept the rule as stated in 31 C.J.S. 730: "On the contrary, inferences may be based on facts whose determination is the result of other inferences, so long as the first inference is based on such evidence as to be regarded as a proved fact and the conclusion reached is not too remote." In accord with this statement are *People* v. *Graves*, 137 Cal.App. 1, 14 [29 P.2d 807, 30 P.2d 508]; *Paiva* v. *California Door Co.*, 75 Cal.App. 323, 330 [242 P. 887]; *Stewart* v. *Norsigian*, 64 Cal.App.2d 540, 544 [149 P.2d 46]. For a full discussion of the same subject see *Vaccarezza* v. *Sanguinetti, ante,* p. 687 [163 P.2d 470]. The correct rule stems from section 1960 of the Code of Civil Procedure which declares that an inference must be founded "On a fact legally proved; and, On such a deduction from

that fact as is warranted by . . . the course of business, or the course of nature." Thus when a fact is first proved *all* reasonable deductions may be drawn from it. Reasoning does not stop when one deduction has been made. It is not necessary, as appellants argue, that one inference must first be drawn from one fact proved and then a subsequent inference piled up on each preceding one.

 Here all the facts relating to the order and acceptance of the carriage, the delivery of a portion of the goods to the first truck, the promise to send another truck within a definite time, the arrival of such truck within that time and the acknowledged custom of appellants as to identifying marks on their trucks were all facts proved. No one of these facts depends upon an inference. But from all these facts certain inferences might be drawn, and all inferences may be drawn from all or from some only of the facts proved.

Retrace from first principles. The Code defines an inference as a deduction made from the facts proved. Webster's Dictionary defines a deduction as an "Inference in which the conclusion follows necessarily from the premises." One of the facts in evidence was the ownership of the truck. This was proved by the testimony of the witnesses. In *Tieman* v. *Red Top Cab Co.*, 117 Cal.App. 40, 45 [3 P.2d 381], a similar case but weaker in the facts proved, the court said: "Appellants contend that the evidence is insufficient to support the jury's finding that the company was the owner and Warrington as its employee was operating such taxicab. The following evidence, offered by the respondent, is the only evidence upon these issues. The companion's testimony that, immediately after the accident, he saw the company's name painted upon the taxicab, was sufficient proof of ownership. (*Guderitz* v. *Boadway Bros.*, 39 Cal.App. 48. [177 P. 859]; 2 Blashfield, Cyc. of Automobile Law, p. 1636." During the course of the trial appellants' counsel made this concession: "We, of course, concede if the driver of that truck was a Walkup driver, then, of course, he acted within the scope of his authority, and I don't think we would deny it, if they would tell us who the driver was."

 Having proved that this was a "Walkup" truck the respondent was entitled to rely upon the presumption that "the ordinary course of business has been followed," and thus that appellants would not allow one of its trucks to answer the call of respondent without a duly authorized

driver. The trial court having concluded that the truck and driver belonged to appellants, their concession covering the scope of the driver's authority supports the judgment.

From this it follows that the loss of the shipment due to the theft of the driver was occasioned by the negligence of appellants, and this brings into operation the maxim that "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." (Civ. Code, § 3543.) We find no error in the record.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied December 28, 1945.