[Civ. No. 16598.   Second Dist., Div. One.   July 20, 1949.]

JOSEPH RAMON YBARRA, Respondent, v. LAWRENCE C. SPANGARD et al., Appellants.

Parker, Stanbury & Reese for Appellants.

Marion P. Betty, Westover & Smith and Joseph D. Taylor for Respondent.

DOOLING, J. Assigned.—This case was before the Supreme Court on an appeal from a judgment of nonsuit and that judgment was reversed. A second trial without a jury resulted in a judgment in favor of plaintiff and against all of the defendants and all of the defendants appeal. The general nature of the action and the relation of the several defendants thereto are set out in the opinion of the Supreme Court on the previous appeal (*Ybarra* v. *Spangard,* 25 Cal.2d 486, 487-488 [154 P.2d 687, 162 A.L.R. 1258]). For the purposes of this opinion it is sufficient to notice that the action is one against the several nurses and doctors who were in attendance upon the plaintiff while he was unconscious because of an anesthetic administered to him in connection with the performance of an appendectomy, and against the owner of the hospital as employer of certain of the other defendants.

The trial court found that during his state of unconsciousness plaintiff suffered a traumatic injury to a nerve in his right shoulder with resultant injury to and paralysis of the right arm and that this was the proximate result of the negligence of defendants and each of them. The chief attack is upon these findings.

On the first appeal the court held that proof of the receipt of a traumatic injury during the unconsciousness of anesthesia was sufficient to make a prima facie case against all of the defendants under the rule of res ipsa loquitur. This is the law of the case on the second appeal *(Allen* v. *California Mutual B. & L. Assn.,* 22 Cal.2d 474 [139 P.2d 321]) and, as well, establishes a rule of law binding upon us as an intermediate appellate court.

The finding that plaintiff suffered a traumatic injury while unconscious although attacked by appellants finds ample support in the record. Respondent's medical experts and an independent expert appointed by the court all testified that in their opinion the injury was traumatic. Respondent testified that prior to the operation he had never had any pain in or injury to the right arm or shoulder and discovered this injury after awakening from the anesthesia. While all of these experts admitted the possibility that respondent's condition might be caused by infection rather than trauma they were strongly of the opinion that the injury was traumatic. Appellants' experts while admitting the possibility of trauma were as strongly of the opinion that the condition was the systemic product of some infection. The resolution of this

conflict was for the trial court and we are concluded on appeal by the trial judge's determination on conflicting evidence of medical probabilities. (*Travelers Ins. Co. v. Industrial Acc. Com.,* 33 Cal.2d 685 [203 P.2d 747].)

█ All of the defendants except the owner of the hospital, who was not personally in attendance upon the respondent, gave evidence and each testified that while he was present he saw nothing occur which could have produced the injury to respondent's arm and shoulder. Upon this evidence appellants insist that the prima facie case made under the res ipsa doctrine was overcome. █ But it was for the trial judge to weigh the circumstantial evidence which made the prima facie case under the res ipsa rule against the positive testimony of the appellants and to determine whether the prima facie case had been met. (*Michener v. Hutton,* 203 Cal. 604, 612 [265 P. 238, 59 A.L.R. 480]; *Barham v. Widing,* 210 Cal. 206, 215 [291 P. 173]; *Haag v. Harris,* 4 Cal.2d 108, 110 [48 P.2d 1]; *Druzanich v. Criley,* 19 Cal.2d 439, 444 [122 P.2d 53].) █ There is nothing inherent in direct testimony which compels a trial court to accept it over the contrary inferences which may reasonably be drawn from circumstantial evidence. (*Gray v. Southern Pac. Co.,* 23 Cal. 2d 632, 640-641 [145 P.2d 561].) █ The view taken of the evidence by the trial judge is illustrated by the following remark made at the hearing of the motion for new trial:

"I believe it arose from a traumatic condition. Now, where did it happen? That puts the court right back. Even though their explanations were honest, that there was something they did not appreciate happened in the course of the operation, in the course of handling the patient. That is the way I figured the case and that was my decision."

It thus appears that reasoning from the circumstantial evidence the trial judge concluded that respondent suffered a traumatic injury during the unconsciousness of anesthesia and concluded therefore that, whether honest or not, appellants' testimony that they did not observe any incident which could have caused the injury did not establish that no such incident occurred.

█ Appellants' claim that the court based inference upon inference is answered by *Vaccarezza v. Sanguinetti,* 71 Cal. App.2d 687, 697-702 [163 P.2d 470]; and *Brown-Forman D. Corp. v. Walkup etc. Co.,* 71 Cal.App.2d 795, 798-799 [163 P.2d 878]. The rule is too narrowly stated in *Stewart v. Norsigian,* 64 Cal.App.2d 540, 545 [149 P.2d 46, 150 P.2d

554], "that an inference may be based on another inference when the first inference is the only one which a reasonable mind could draw from the facts proven." The correct rule is found in the Vaccarezza case (71 Cal.App.2d at p. 698) : "In a civil case, if the first inference is a reasonably probable one it may be used as a basis for a succeeding inference."

Appellants argue that since all of them were not present at all times while respondent was unconscious all cannot be held liable except by pure conjecture. Appellants' argument is reminiscent of the questions decided against them on the first appeal. We quote from *Ybarra* v. *Spangard, supra,* 25 Cal.2d at pages 488-489:

"Defendants take the position that, assuming that plaintiff's condition was in fact the result of an injury, there is no showing that the act of any particular defendant, nor any particular instrumentality, was the cause thereof. They attack plaintiff's action as an attempt to fix liability 'en masse' on various defendants, some of whom were not responsible for the acts of others; and they further point to the failure to show which defendants had control of the instrumentalities that may have been involved. Their main defense may be briefly stated in two propositions: (1) that where there are several defendants, and there is a division of responsibility in the use of an instrumentality causing the injury, and the injury might have resulted from the separate act of either one of two or more persons, the rule of res ipsa loquitur cannot be invoked against any one of them; and (2) that where there are several instrumentalities, and no showing is made as to which caused the injury or as to the particular defendant in control of it, the doctrine cannot apply. We are satisfied, however, that these objections are not well taken in the circumstances of this case."

The court concludes on page 494: "We merely hold that where a plaintiff receives unusual injuries while unconscious and in the course of medical treatment, all those defendants who had any control over his body or the instrumentalities which might have caused the injuries may properly be called upon to meet the inference of negligence by giving an explanation of their conduct."

The court having held that the rule of res ipsa loquitur applied in this case, if the defendants had rested without giving any evidence a judgment against all of them would properly have followed. Instead they gave evidence which did

not satisfy the court that any of them had met the prima facie case against them. A judgment against all of them as logically resulted.

Appellants ask us to reevaluate the opinion of the Supreme Court on the first appeal in this case. An intermediate appellate court is in no position to assume such a responsibility, but if we were, the Supreme Court has already done its own reevaluating in *Summers* v. *Tice*, 33 Cal.2d 80 at page 86 [199 P.2d 1], where that court said, referring to this case on the first appeal:

"In a quite analogous situation this court held that a patient injured while unconscious on an operating table in a hospital could hold all or any of the persons who had any connection with the operation even though he could not select the particular acts by the particular person which led to his disability."

Appellants question the logic of this result. Given the premise laid down in *Ybarra* v. *Spangard, supra,* 25 Cal.2d 486, the judgment herein logically follows. It is not for us to question the logic of the Supreme Court in arriving at the controlling decision on the former appeal but we may note, what Justice Holmes many years ago pointed out, "that law does not always keep step with logic." *(Charles Nelson Co.* v. *Morton,* 106 Cal.App. 144, 149 [288 P. 845].)

The findings herein discussed sufficiently support the judgment. Other findings, including findings of want of postoperative care, therefore become unimportant. *(Cornell* v. *Hollywood Turf Club,* 32 Cal.App.2d 204, 208 [89 P.2d 449] ; 2 Cal. Jur. 1028-1029.)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Drapeau, J., did not participate herein.

Appellants' petition for a hearing by the Supreme Court was denied September 15, 1949. Traynor, J., voted for a hearing.