[L. A. No. 15599. In Bank.—May 12, 1936.]

THEODORE FLEISCHMANN et al., Respondents, v. JOHN LOTITO et al., Appellants.

Henry Haves for Appellants.

Lane & Lane for Respondents.

THOMPSON, J.—This is an appeal from a judgment in favor of the plaintiffs in an action to set aside as fraudulent certain transfers of property. The appeal is taken on the judgment roll alone and the only question raised is that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleged the recovery of a judgment in the Los Angeles Municipal Court on a debt owed the plaintiffs by the defendants Frank and Mike A. Lotito; that execution was issued and returned wholly unsatisfied; that, after the contracting of the debt, real property was conveyed by Mike Lotito to John Lotito, a younger brother, without consideration, and personal property was purchased in the name of John Lotito with funds belonging to Frank and Mike Lotito, all of which was transferred by John Lotito to the defendant corporation, West Coast Winery, Inc.; that the transfers to John Lotito and from him to the West Coast Winery, Inc., were without valuable consideration and made with intent to hinder, delay and defraud creditors, including the plaintiffs; that the defendants, John Lotito and West Coast Winery, Inc., received the conveyances and transfers with knowledge of the fraudulent intent and that the defendants had no other property in the state out of which the plaintiffs' claim could be satisfied.

The trial court found, in accordance with the allegations of the complaint, that plaintiffs had recovered a judgment against Mike A. and Frank Lotito; that execution had been returned unsatisfied and the judgment recorded prior to the commencement of this action; that the defendants had no other property in this state out of which the plaintiffs could realize their claim; that the conveyances were made fraudulently, without valuable consideration and in contemplation

of insolvency and that the defendants John Lotito and West Coast Winery, Inc., took with knowledge of the fraud, concluded that the transfers were void and all of the property subject to the lien of the plaintiffs' judgment and rendered judgment accordingly.

█ It is objected by the appellants that no cause of action is stated for the reason that it is not directly alleged that the judgment recovered in the municipal court was unpaid, nor that the plaintiffs are still owners of the judgment.

While defendants' objection would undoubtedly have been sustained upon special demurrer, no demurrer, either general or special, was interposed, hence this case falls within the rule that, having proceeded to trial upon the merits without making objection to the manner of pleading, appellants cannot raise formal defects for the first time in the reviewing court. █ It has been many times said that, while a judgment will not relieve from a complete absence of a necessary averment, it will cure all defects in such averments as may by fair and reasonable intendment be found to have been pleaded, although only inferentially. (*People* v. *McDonald*, 200 Cal. 716 [255 Pac. 180], and cases there cited; *Adams* v. *Bell*, 5 Cal. (2d) 697 [56 Pac. (2d) 208].)

From the allegations that the plaintiffs recovered a judgment against the defendants, that execution thereon was returned unsatisfied and that the defendants had no other property, except that fraudulently conveyed subsequent to the contracting of the debt, out of which the plaintiffs could satisfy their claims we think it may fairly be inferred that the judgment constituted an existing claim against the defendants. It is also alleged that the conveyances were made with intent to hinder, delay and defraud the creditors of the defendants, ''including these plaintiffs''. This allegation necessarily implies that the defendants were indebted to the plaintiffs at the time the latter were seeking to have the conveyances set aside and the property subjected to the judgment.

█ It should also be noted that this is not a case where the suit is directly upon the judgment, nor on contract, where the failure to pay constitutes the breach, but is ''an action for equitable relief against the obstruction caused by a transfer which hinders him [the creditor] in satisfying his claim by the ordinary process of law, that is to say, by an execution. If, then, he has put himself in a position to levy execution,

he has done everything necessary to enable him to attack the transfer which hinders his enjoyment of his right". (*Sewell* v. *Price*, 164 Cal. 265 [128 Pac. 407[.) The plaintiffs here alleged the recovery of the judgment, the issuance of execution and its return unsatisfied. Under the above rules this was sufficient except as against a timely special demurrer.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Conrey, J., and Waste, C. J., concurred.