[Civ. No. 13426.   First Dist., Div. Two.   Apr. 3, 1947.]

MARGARITA KAMPER et al., Appellants, v. MARK HOPKINS INCORPORATED (a Corporation) et al., Respondents.

Burns & McKeever for Appellants.

Webster V. Clark, Bruce F. Allen and Rogers & Clark for Respondents.

DOOLING, J.—Respondents have moved to dismiss an appeal by plaintiffs from a judgment entered after sustaining a demurrer to plaintiffs' complaint. The ground of the motion is that the appeal was not taken within sixty days after the entry of judgment. (Rule 2, Rules on Appeal.)

Judgment was entered in favor of defendants on November 25, 1946. Included in this judgment as signed and entered was a provision for the recovery of costs in the aggregate amount of $857.20. Defendants had filed a cost bill and plaintiffs made a timely motion to have the costs taxed in compliance with section 1033 Code of Civil Procedure. The trial judge taxed the costs in the aggregate amount of .$257.20 by an order dated December 5, 1946. On December 6, 1946, pursuant to the order of the previous day an order amending the judgment of November 25, 1946, was signed and entered. This order recited that the judgment previously entered ''erroneously contained provisions for costs and counsel fees in excess of the amount allowed by law; and whereas, this court duly made its order on December 5, 1946 granting in part and denying in part plaintiffs' motion to tax costs and allowing defendants costs and counsel fees in the total sum of $257.20; therefore said judgment is hereby modified and corrected to read as follows, towit:''

Thereafter was copied the original judgment deciding the case on the merits in favor of defendants with a modification of the portion thereof relating to costs to conform to the order taxing costs. It may be explained that the provision for counsel fees as a part of the costs results from the fact that the case admittedly fell under section 7 of the act of 1871 (Stats. 1871-72, p. 533).

Notice of appeal was filed on January 29, 1947, within sixty days of the time of entry of the order correcting judgment but more than sixty days after the entry of judgment on November 25, 1946, The question presented is whether the

order correcting judgment was in fact a new judgment superseding for purposes of appeal the judgment originally entered.

Normally while a trial court may correct clerical errors and misprisions in a judgment (14 Cal.Jur. 995) it cannot amend a judgment once entered if the error sought to be corrected is a judicial one, i. e. if it embodies an intentional action of the court even though legally erroneous (14 Cal.Jur. 999). The only power reserved to the court in this case to correct its error in including costs in the judgment prior to the expiration of the time within which plaintiffs were entitled to have the costs taxed pursuant to section 1033 Code of Civil Procedure is to be found in that section of the code itself. That section contemplates and specifically provides for the taxing of the costs after the entry of the judgment. The true inquiry is whether the taxing of the costs and the correction of the judgment already entered to set forth the costs so taxed can amount to the entry of à new judgment on the merits so as to start the time within which a notice of appeal may be filed running afresh.

It has been repeatedly held that the allowance of costs is a mere incident of the judgment on the merits. (*Wells Fargo & Co.* v. *City etc. of San Francisco,* 25 Cal.2d 37, 44 [152 P.2d 625]; *Whitaker* v. *Title Ins. etc. Co.,* 179 Cal. 111, 113-114 [175 P. 460]; *McCallion* v. *Hibernia etc. Society,* 98 Cal. 442, 445 [33 P. 329]; 7 Cal.Jur. 255.)

In *Whitaker* v. *Title Ins. etc. Co., supra,* at page 113 the court said:

''It is, of course, well settled that the right to recover costs exists solely by virtue of statutory provisions, and that when allowed by statute they are allowed solely as an incident of the judgment given upon the issues in the action.''

On page 114 the court in discussing *McCallion* v. *Hibernia etc. Society, supra,* said further that: ''it was substantially said in the opinion in that case that 'the real judgment' in that case was that the plaintiff was the owner of certain money which had been deposited in court to await the determination of the question as to its ownership, and that the costs taxed against the defendant were incidental to the judgment, and as to a stay of execution inseparably connected therewith. It was also said: 'A judgment for costs is not the judgment directing the payment of money contemplated by section 942 . . . The judgment referred to in the foregoing sections (Code

Civ. Proc., secs. 942, 943, 944 and 945) is the decree passing upon the matter directly involved in the litigation.' "

The "real judgment" here, the one "passing upon the matter directly involved in the litigation" was the judgment in favor of defendants on the merits of the action entered on November 25, 1946. The order amending judgment of December 6, did not, and could not, change or amend this real judgment or amount to the entry of a new judgment on the merits of the case. Its only purpose and effect was to correctly set out the true amount of costs as taxed, as a mere incident to the judgment already entered.

We conclude that the notice of appeal from the judgment was filed too late. The hardship upon appellants is regrettable but the courts have admitted no exceptions to the jurisdictional requirement that a notice of appeal must be filed within the time prescribed. (*Estate of Hanley,* 23 Cal. 2d 120 [142 P.2d 423].)

Since the appeal must be dismissed appellants' application for relief from default in the preparation of their transcript is now moot and is denied.

The appeal is ordered dismissed.

Nourse, P. J., and Goodell, J., concurred.