[Civ. No. 8329.   Third Dist.   Jan. 18, 1954.]

HOMER L. BAKER, Respondent, v. CHARLES L. FLOTO, Appellant.

Covey & Covey for Appellant.

Lafayette J. Smallpage and Harold J. Willis for Respondent.

PAULSEN, J. pro tem.[*]—Respondent commenced this action alleging that he and appellant orally entered into a partnership agreement to conduct a horse-racing stable and to train and race horses at recognized tracks; that the parties agreed to share equally in the profits and losses and equally to contribute capital and advances to the partnership; that respondent had contributed more capital and made more advances than appellant. He asked for a dissolution of the partnership and an accounting. Appellant denied the existence of a partnership and by way of a separate defense alleged that he had made loans to respondent and as security for said loans respondent had delivered to appellant written documents purporting to assign and transfer his one-half interest in three thoroughbred horses and all earnings, less expenses, received from the racing or the sale of such horses until such obligations were paid. The trial resulted in a judgment for appellant in the sum of $8,650, together with costs. Respond-

---

[*]Assigned by Chairman of Judicial Council.

ent moved for a new trial, which was granted, on the ground of newly discovered evidence material to the respondent, and which could not, with reasonable diligence, have been discovered and produced at the trial; and also on the ground of insufficiency of the evidence to justify the verdict. This appeal is from that order.

In support of his motion for a new trial on the first ground, respondent offered numerous affidavits alleging the existence of public records and setting forth many statements of friends of the parties bearing directly on the question of the existence of a partnership—the only real question in the case. Appellant earnestly contends that there was absolutely no showing of due diligence or excuse for the failure to produce this evidence at the trial.

An examination of the affidavits discloses that some of the new evidence at least could easily have been produced at the trial if any reasonable effort had been made to procure it. On the other hand, respondent's affidavit shows that he is a veteran of World War II with a 100 per cent rating of disability; that within 30 days prior to the trial he had undergone surgery for the removal of a part of his stomach and intestines and during the trial and at the times when he was conferring with his attorney in course of preparation for it, he was in great pain and suffering from the effects of the surgery.

The affidavit of Joseph T. Moschella stated that shortly after the trial he heard of the court's finding that there was no partnership and after expressing his surprise he informed respondent of numerous statements made by appellant in which he had referred to the partnership and its operations.

From these facts the trial court could reasonably conclude that respondent and his attorney had exercised as much diligence as could be expected under the circumstances and without fault on their part vital evidence had not been produced.

A wide latitude is given the trial court in determining a motion for new trial on the ground of newly discovered evidence and its ruling will not be disturbed unless it is manifest that there has been a gross abuse of discretion. (*Carvalho* v. *Lusardi,* 114 Cal.App.2d 733 [251 P.2d 37].)

Appellant contends that the evidence was "so inherently improbable, conflicting and contradictory as to constitute lack of any evidentiary support of the trial court's order

576

granting said motion.'' ■ In *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465], the court stated:

''This court has recently reiterated the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) ■ The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. (*Estate of Green,* 25 Cal.2d 535, 542 [154 P.2d 692] ; *Hames* v. *Rust,* 14 Cal.2d 119, 124 [92 P.2d 1010].) ■ The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus .resolve the conflicting inferences in favor of the moving party, for 'It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.' (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689] ; *Malloway* v. *Hughes,* 125 Cal.App. 573, 580 [13 P.2d 1062].)''

■ The following testimony given by respondent at the trial was sufficient as the basis of the exercise of the trial court's discretion:

''Q. What was the conversation? A. Mr. Floto said 'Homer, let's go into partnership and race horses together.'

. . . . . . . . . . . .

''THE COURT: Q. What was to happen to them—I don't understand.

''THE WITNESS: A. We were to race the three horses and go into partnership.

. . . . . . . . . . . .

''Q. Just answer this question, Mr. Baker: were books kept by the partnership? A. There were books kept—check books.

. . . . . . . . . . . .

''Q. Was there any conversation between you and Mr. Floto regarding your personal expenses during the period that you were acting for the partnership? A. Our agreement was——

''MR. COVEY : (Interrupting). Just a moment—say yes or no.

"Mr. Greenberg: Q. Yes or no.  A. Yes.

.    .    .    .    .    .    .    ..    .    .    .

"Q. What was the conversation regarding the termination of your partnership—what did you say and what did he. say? A. I met Mr. Floto and asked him for the money he owed me.

.    .    .    .    .    .    .    .    .    .    .

"Q. Mr. Baker, in addition to the three horses that you originally put into the partnership, did you put any cash in at any time during the period of the partnership? A. Yes.

"Q. What was the first time you put money in and how much?  A. The first time I contributed $4500.00 as the first part of our partnership. You have a record of it there.

.    .    .    .    .    .    .    .    .    .    .

"Q. Did you put any other cash into the partnership? A. I put $8000.00—I claimed Torella.

.    .    .    .    .    .    .    .    .    .    .

"The Court: Q. What valuation did you place on them at the time you went into partnership?

"The Witness: A. They were worth about seven or eight thousand dollars.

.    .    .    .    .    .    .    .    .    .    .

"Q. Coming back to my question about $8000.00, when did you put that into the partnership? A. November 5, 1949."

█    Appellant requests this court to compare the testimony of respondent with that of appellant. This is not the function of an appellate court. (*Green* v. *Soule,* 145 Cal. 96 [78 P. 337] ; *Guderitz* v. *Boadway Bros.,* 39 Cal.App. 48 [177 P. 859].) The burden of proving the existence of a partnership is not involved.    █    The only burden is that which is on the appellant of showing an abuse of the discretion resting in the trial court. (*Thompson* v. *Pioneer Laundry Co.,* 54 Cal.App.2d 360 [128 P.2d 915].)

There was no abuse of discretion in granting the order on either ground.

The order is affirmed.

Peek, J., and Schottky, J., concurred.