[Civ. No. 8516.   Third Dist.   Sept. 12, 1955.]

PASQUALE CAVIGLIA et al., Respondents, v. LEO ANTHONY JARVIS et al., Appellants.

Bruce A. Werlhof and Peters & Peters for Appellants.

Pugh & Webster, Stanley Pugh and Donald D. Webster for Respondents.

FINLEY, J. pro tem.*—This is an appeal from a judgment reforming a promissory note on the ground that by reason of error on the part of the draftsman the terms of payment set forth in the note did not truly state the agreement between the parties. The appeal also purports to be from the order denying appellants' motion for a new trial. There is no direct appeal from such an order. It is, however, reviewable upon appeal from the judgment. (Code Civ. Proc., §§ 956 and 963.)

Appellants executed the promissory note, which was secured by a deed of trust, as part of a transaction whereby respondents sold to appellants a dairy ranch in Tehama County,

---

*Assigned by Chairman of Judicial Council.

together with 32 head of cattle and other personal property, for a total price of $45,500. As an initial payment, respondents received from appellants a deed to certain real property in Glenn County valued at $14,000, leaving a balance of $31,500 owing to respondents which was to draw interest at the rate of 4½ per cent per annum. The deed of trust securing the note covered the Tehama County ranch, conveyed by respondents to appellants. Both documents were prepared by an aged attorney in Orland, since deceased, who in the preparation of the instruments was acting for both parties.

The note sought to be reformed read as follows:

"$31,500.00          Orland, California, January 3, 1950

"For value received, we jointly and severally promise to pay to PASQUALE CAVIGLIA and GLORIA D. CAVIGLIA, husband and wife, or order, as joint tenants, the sum of THIRTY ONE THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($31,500.00), together with interest thereon at the rate of 4½% per annum, principal and interest payable as follows:

"25% of all milk and cream products produced on said premises and delivered to Creamery designated by producer with consent of holders, such payments to be applied first to accrued interest and the remainder on principal; checks to be mailed by Creamery to Bank of America N. T. & S. A. Orland, California for account of holders. Makers will make, execute and deliver to Creamery a good and sufficient order authorizing it to make such payments as above set out.

"Failure to make payments as above set out will make this note and the whole thereof immediately due and payable at the option of the holders without notice to the makers.

"If default be made in the payment of this note or any part thereof and legal proceedings be begun to enforce payment, we agree to pay the holders thereof five per cent of the amount then due at time of default as Counsel fees, together with all costs and expenses incurred in such proceeding.

"This note is secured to be paid by a Deed of Trust of even date herewith covering real property in Tehama County, California.

"We agree to deliver to Creamery milk products of a value of One Thousand Dollars or more each year.

Leo Anthony Jarvis
Leo Anthony Jarvis

Freda May Jarvis
Freda May Jarvis"

According to his testimony, respondent Pasquale Caviglia discovered within a few days what he has claimed to be one of the "mistakes" in the note, it being that, "The interest was left out of the thousand dollar provision there in the note." He testified that this was pointed out to him by a banker in Orland; that about two and one-half years later he discovered another alleged mistake which was that the note called for delivery of a thousand dollars (worth of milk) per year to the creamery rather than payment of a thousand dollars per year plus interest to him; that he discussed this "mistake in interest" with appellant Leo Jarvis who he said knew about the mistake and "was kind of excited about it"; that at a later meeting it was again discussed, and Jarvis patted him on the shoulder, saying, "Don't worry, Pat. Some day we will all get together and get that all fixed."

The parties did not get together and ultimately respondents brought this action for reformation. Appellants filed their answer and cross-complained, alleging damage by reason of the loss of dairy stock resulting from Bangs disease with which they claim respondents' herd was infected at the time of sale to them. The trial court denied judgment on the cross-complaint but awarded judgment to plaintiffs and made its findings, the essential one being, ". . . that said promissory note, when reduced to writing, failed to express the true agreement of the parties . . ."

Appellants filed a 117-page opening brief, a substantial portion of which is devoted to setting forth excerpts from the testimony. A reversal of the judgment is sought mainly on the ground of the insufficiency of the evidence to justify the decision. However, under that heading they attack the complaint, findings and judgment and the award of costs to respondents, and they also urge that a new trial ought to have been granted on newly discovered evidence.

Little has been presented in the way of persuasive argument for reversal. It has not been pointed out how the lengthy quotations from the transcript sustain such an assertion as "the direct testimony alone is insufficient regardless of the conflict as a matter of law because it does not carry the clear and convincing weight required by law."

There is in the record ample evidence, if believed by the trier of fact, to support the findings and judgment, and beyond this determination we need not go. As was said in *Sonkin* v. *Hershon,* 130 Cal.App.2d 491, 492 [279 P.2d 156] :

"It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled."

Notwithstanding this rule however, it seems appropriate in passing to point out that appellants, in their answer and in an opening statement before the court, have admitted that the note did not correctly state the agreement for the minimum annual payment of $1,000. In paragraph II of their answer they admit, inferentially at least, that a one-thousand-dollar payment was to be made to respondents, but aver that it was to cover both principal and interest. At the outset of the trial appellants' counsel stated:

". . . We will stipulate or agree at this time that the wording of the note providing for the delivery of one thousand dollars worth of dairy products to the creamery per year was a misstatement of the actual intention of the parties. That's admitted. And that the actual intention of the parties and that their actions upon the note have been on the understanding that they would deliver a minimum of not less than a thousand dollars to the Caviglias. That we will admit, and if the court desires to reform the note to that effect, that's satisfactory."

This admission is corroborated by the testimony of appellant Leo Jarvis who, on the stand, testified that he promised to pay such minimum amount to respondents. Thus in their answer, in their opening statement, and on the stand it was admitted by appellants that the note as written did not accurately set forth the agreement between the parties. The only real problem before the court was to ascertain the actual terms thereof. The testimony of appellant Leo Jarvis that it was intended that said $1,000 was to include interest was not conclusive. Taken in opposition to the testimony of respondents that the entire $1,000 payment was to apply on principal, it merely created a conflict in the evidence as to how the $1,000 was agreed to be applied. As noted above, the trial court properly could, and did, resolve such conflict in favor of respondents, and its determination thereof is not now subject to review. (*Alvarez* v. *Ritter*, 67 Cal. App.2d 574, 577-578 [155 P.2d 83].)

Appellants' motion for a new trial and their argument on the point deal primarily with their claim of newly

discovered evidence, consisting of conversations and consultations alleged to have taken place between the parties and one W. E. Worman, a banker in Orland. Appellants do not satisfactorily explain how this evidence can be considered as newly discovered when they themselves were as fully aware long before as well as after the trial that Worman had been consulted at about the time the papers were signed by the parties and had given advice in connection with the transaction. There is no showing that he was not at all times available during the trial had either of the parties desired to call him as a witness. Contrary to appellants' contention, there was no legally privileged relationship existing between Mr. Worman and either of the parties. In view of this fact and the material outlined in the various affidavits of Worman appearing in the record we find ourselves totally unable to agree with appellants that there was an abuse of discretion by the trial court in refusing to grant appellants' motion. The rule upon this point was recently stated in *Baker* v. *Floto,* 122 Cal.App.2d 573, 575 [265 P.2d 158], as follows:

"A wide latitude is given the trial court in determining a motion for new trial on the ground of newly discovered evidence and its ruling will not be disturbed unless it is manifest that there has been a gross abuse of discretion. (*Carvalho* v. *Lusardi,* 114 Cal.App.2d 733 [251 P.2d 37].)"

On the question of laches raised here for the first time, see *Sanchez* v. *Torquemada,* 96 Cal.App.2d 26 [214 P.2d 48], and *Hoyt Heater Co.* v. *Hoyt,* 68 Cal.App.2d 523 [157 P.2d 657]. ■ Unless laches is pleaded or in some manner raised in the trial court, such defense is waived and cannot be raised for the first time on appeal. (*Reed* v. *Norman,* 41 Cal.2d 17 [256 P.2d 930].) Even so here there is evidence in the record, amply substantial in character, to support an implied finding that the delay on the part of respondents in bringing their action was legally justified.

Appellants question the award of costs by the trial court. ■ Costs are ordinarily an incident of judgment and follow as a matter of course unless the court for good reason should decree otherwise. (Code Civ. Proc., § 1032; *Kamper* v. *Mark Hopkins Inc.,* 78 Cal.App.2d 885 [178 P.2d 767].) In connection with the rule stated in *Danielson* v. *Neal,* 164 Cal. 748 [130 P. 716], even though an allegation of demand for reformation should here be considered necessary as a prerequisite to the recovery of costs, the complaint shows that reformation was in fact requested by respondents and this is

supported by the evidence. ■ The appellants' objection to the sufficiency of the complaint on the ground that it contained no allegation that the mistake complained of was "material" is answered by saying that no demurrer was filed to the complaint directed to this objection, and it cannot be first raised on appeal. (See Code Civ. Proc., § 469; *Fleischmann* v. *Lotito,* 6 Cal.2d 365 [57 P.2d 922]; *Stienback* v. *Halsey,* 115 Cal.App.2d 213 [251 P.2d 1008]; *Robson* v. *O'Toole,* 60 Cal.App. 710 [214 P. 278].)

■ Appellants have properly pointed out that under the provisions of Civil Code, section 3399, and the rule as discussed in *Hosford* v. *Henry,* 107 Cal.App.2d 765 [238 P.2d 91], the duty of a court is to reform instruments to express the actual understandings of the parties and not to try to improve those understandings. We are satisfied that here the trial court did not transgress this rule, and that the reformation decreed is consistent with the provisions of Civil Code, sections 3400 and 3401. The court determined what the parties actually intended and reformed the note accordingly. We hold that the reformation decreed is supported by the proof. ■ In a contested case the court may grant " 'any relief consistent with the case made by the complaint and embraced within the issue.' " (*Crowther* v. *Metalite Mfg. Co.,* 133 Cal.App. 452, 456 [24 P.2d 551]; *Martin* v. *Hall,* 219 Cal. 334, 339 [26 P.2d 288]; *Baar* v. *Smith,* 201 Cal. 87 [255 P. 827]; and *Poledori* v. *Newman,* 116 Cal. 375 [48 P. 325].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 9, 1955.