[Civ. No. 21553.   Second Dist., Div. Two.   Dec. 3, 1956.]

ARCHIE H. DANKERT, Respondent, v. LAMB FINANCE COMPANY (a Corporation) et al., Defendants; L. L. POYET, Appellant.

J. W. Ehrlich, N. E. Youngblood, Robert M. Maslow and Robert Culbert Olson for Appellant.

Max E. Gilmore for Respondent.

MOORE, P. J.—Appeal from judgment on a promissory note.

Respondent Archie H. Dankert sued the Lamb Finance Company and its vice-president, L. L. Poyet, on a 90-day promissory note in the principal sum of $10,000 signed in the following manner:

Lamb Finance Co.

By (W. A. Angione)

(L. L. Poyet)

As may be seen, the form of the signatures creates an ambiguity as to whether Mrs. Poyet signed in her capacity as an officer of the finance company only or as an individual comaker of the note. The trial court heard evidence of the circumstances surrounding the signing of the instrument in order to clarify this ambiguity and found that Mrs. Poyet signed the note in her individual capacity as an accommodation maker. Although Mrs. Poyet appeals, she does not contend that the evidence is insufficient to support the findings.

Following the judgment, appellant moved for a new trial primarily on the grounds that (1) certain evidence had been newly discovered; and (2) there had been "error in law occurring at the trial and excepted to by said defendant." The motion was denied.

In an affidavit supporting her motion for a new trial, Mrs. Poyet alleged that in preparing for other litigation she had discovered for the first time "what purported to be a copy of [the] promissory note . . . payable by Lamb Finance Co., to Archie H. Dankert, and signed by Lamb Finance Co., by W. A. Angione as president, and L. L. Poyet as vice-president; that across the face of said promissory note written in red pencil appears the word 'copy' in handwriting which appears to affiant to be that of . . . F. J. McFarland;

"That during the trial of said action, F. J. McFarland testified that the word 'renewed' also written in red pencil across the face of [a prior note by the finance company in favor of respondent upon which Mrs. Poyet had no personal liability] . . . was written on there by him"; that he admitted this fact after previously denying that he had any recollection of the prior note; that the "copy" could not have been discovered earlier in the exercise of due diligence.

The newly discovered "note" is obviously not a true copy of the instrument upon which respondent sued. Its contents differ in many material particulars. Pre-eminently, it was not subscribed, but at the bottom of the instrument was typed:

| LAMB FINANCE COMPANY |
| --- |
| By W. A. Angione, President |
| By L. L. Poyet, Vice Pres. |

Appellant's affidavit does not suggest who typed this "copy"; who directed that it be made; who had seen it;

or any other fact relative to its origin save that Mr. McFarland may have written "Copy" across its face.

A new trial may be granted upon a showing of "newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." (Code Civ. Proc., § 657, subd. 4.) ■ The "newly discovered evidence" certainly must be material to the issues of the litigation, and in fact must be of such a nature that were it presented at a retrial of the action a different result would be probable. (*Brannock* v. *Bromley*, 30 Cal.App.2d 516, 520 [86 P.2d 1062] ; *Brea* v. *McGlashan*, 3 Cal.App.2d 454, 468 [39 P.2d 877].) Whether a different conclusion would be probable upon retrial is a question addressed to the sole discretion of the trial judge whose action will not be disturbed in the absence of a manifest showing of abuse of discretion. (*Baker* v. *Floto*, 122 Cal.App.2d 573, 575 [265 P.2d 158] ; *Peterson* v. *Geltz*, 118 Cal.App.2d 794, 798 [258 P.2d 875].)

■ Appellant's affidavit does not indicate how this purported "copy" of the promissory note would in any way change the outcome of this litigation. In fact, had it been discovered in time to be presented at the trial, it would not have been admissible into evidence without a much more comprehensive foundation for its admission than is contained in the affidavit. As it stands, it is merely an unverified hearsay expression of the sort of note Mrs. Poyet should have prepared had she intended to avoid personal liability. Appellant contends that if she were allowed to prove that the witness McFarland wrote "Copy" across the face of the document, the latter's somewhat meager testimony would in some way be impeached. ■ Newly discovered evidence to impeach or discredit witnesses does not compel the allowance of a new trial. (*Peterson* v. *Peterson*, 121 Cal.App.2d 1, 11 [262 P.2d 613] ; *Wilson* v. *Kopp*, 114 Cal.App.2d 198, 206 [250 P.2d 166].)

■ The "error in law" specified by appellant was the exclusion of proof that it was the business custom and usage of the Lamb Finance Company to require the signatures of two officers on all company obligations. The offer was made on cross-examination of W. A. Angione, former president of the company and a signatory of the note. The court excluded the evidence largely on the ground that the custom of the company in the case of other notes made at different times and occasions could not prejudice respondent, the payee

of the note before the court. Furthermore, any inference sought to be drawn in favor of the nonliability of the finance company was outside the issues of the case since that company had stipulated to liability.

The proffered evidence could well have been admitted to shed some further light upon the intention of the parties at the time the note was executed. For example, it might support an inference that Mrs. Poyet supposed that she was signing the note solely in her official capacity. This inference would provide some conflict with respondent's testimony that appellant expressly indicated her intent to be personally liable. Also, W. A. Angione had testified that he directed the preparation of the note, that his signature alone was intended to bind the Lamb Finance Company, and that all present understood that Mrs. Poyet was signing as a comaker. If appellant had been allowed to extract from the president that he was aware of the custom and usage of the company requiring two signatures on company obligations, the inference might have been that he did not secure the drafting and signing of this note with the idea in mind that appellant was to be personally liable. This inference would cast some doubt upon his testimony that the parties had expressly provided for personal liability.

However, a trial court is vested with considerable discretion in determining the relevancy of evidence and weighing that relevance against undue prolongation of the trial and the consideration of extraneous issues. (*Spolter* v. *Four-Wheel Brake Service Co.*, 99 Cal.App.2d 690, 698 [222 P.2d 307].) Although the admission of the offered evidence would not have been error, the court was at liberty to rule that the inference it would raise would not be worth the time expended. Also, even were error conceded, it is required that "a different result would have been probable if such error . . . had not occurred or existed." (Code Civ. Proc., § 475.) Considering the trial court's statement that "the evidence strongly preponderates in favor of the plaintiff," it is extremely unlikely that a different result would have accrued from admission of the evidence. Several persons present at the execution of the note testified the appellant expressly stated her intent to be personally obligated on the instrument.

The promissory note provides for reasonable attorney fees "in the event of commencement of suit to enforce this note." "A contract for a reasonable attorney's fee in enforcing

its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial.'' (*Cirimele* v. *Shinazy,* 134 Cal.App.2d 50, 52 [285 P.2d 311].) Therefore, respondent is entitled to his attorney's fee for this appeal. The parties have stipulated that this court determine the amount of the fee.

The judgment is affirmed and appellant is directed to pay respondent's attorney's fee on this appeal in the sum of $300.

Fox, J., and Ashburn, J., concurred.

A petition for a rehearing was denied December 31,. 1956, and appellant's petition for a hearing by the Supreme Court was denied January 30, 1957. Gibson, C. J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.