[Civ. No. 18141. First Dist., Div. Two. Nov. 17, 1958.]

THOMAS L. McHUGH, Appellant, v. ORIN T. HOWARD, Respondent.

*Assigned by Chairman of Judicial Council.

Thomas L. McHugh, in pro. per., and Frederick S. Reinheimer for Appellant.

Bert W. Levit, Victor B. Levit, John B. Hook and Long & Levit for Respondent.

KAUFMAN, P. J.—Plaintiff and appellant, Thomas L. McHugh, filed a complaint in the Superior Court of Santa Cruz County, seeking an injunction against the execution of a judgment obtained by defendant and respondent, Orin T. Howard, in a prior action sounding in libel. After motion by respondent, a summary judgment was entered in his favor. It is *from this summary judgment that plaintiff appeals.*

Respondent, in April of 1954, brought an action sounding in libel against appellant. After trial by jury, judgment was rendered in favor of Howard. A motion for new trial was denied and as no appeal was taken this judgment became final.

In December 1956, McHugh filed an amended complaint in this action, alleging that the judgment rendered in the libel action was procured by means of extrinsic fraud consisting of collusion between his counsel and his opponents. He further alleges that the complaint in the libel proceeding did not state a cause of action and that the action went to trial only by reason of this collusion.

After a demurrer to this amended complaint was overruled and his answer was filed, respondent made a motion for summary judgment under Code of Civil Procedure, section 437c. In support of this motion, affidavits were filed by respondent, by Victor B. Levit, his counsel in said action, and by Melvin R. Dykman, appellant's counsel in said libel action.

Respondent, in his own affidavit, alleges he did not collude with Dykman or with anyone at all; that prior to the libel action Dykman was entirely unknown to him and that he knows Dykman now only by virtue of said action; that he has never had any contact or communication with Dykman concerning said action, except for cross-examination during the trial.

Victor B. Levit, respondent's attorney, in his affidavit alleges that he did not collude with Dykman or with anyone at all concerning said action; that prior to the commencement of the libel action Dykman was entirely unknown to him and that he knows Dykman now only by virtue of his participation in said action; that to his knowledge respondent had no connection or communication with Dykman concerning said action; that all dealings he had with Dykman concerning the trial were at arms length; and that to his knowledge Dykman at all times acted to protect the best interests of appellant.

Dykman, in his affidavit, alleges that he had never been authorized or requested by appellant to take an appeal in the libel action; that he performed his services to the best of his ability and at all times acted in what he believed to be the best interests of appellant. He states that he has not colluded with respondent or with anyone representing him; that respondent was unknown to him prior to the commencement of the libel action; and that except for cross-examination he has had no contact or communication with respondent concerning said action.

The only affidavit filed in opposition to the motion was that of appellant. This affidavit discloses that appellant turned over to his attorney all of his available correspondence dealing with his business and political activities over a period of several years, including all of his cancelled checks and bank statements dating back to 1948. These documents were given to Dykman, at his request, approximately one month before the trial commenced and were for his sole use and information in the preparation of the pending case. A few moments before the trial opened, appellant observed respondent's attorney entering the courtroom and saw him place a familiar looking manila envelope on Dykman's desk. Upon investigation he discovered that this envelope contained the above-named papers. It is alleged that these documents were turned over to his adversary without appellant's consent or knowledge, without legal process, and in violation of a confidential relationship.

The trial court, after hearing oral argument, granted respondent's motion, and a judgment of dismissal was entered accordingly. This appeal is from that judgment.

■ Appellant apparently contends that after a court has overruled a demurrer it cannot later in the action entertain a motion for a summary judgment. He bases this argument upon the rule that a demurrer admits all issuable facts properly pleaded in the complaint. (*Woodroof* v. *Howes*, 88 Cal. 184 [26 P. 111]; *Jones* v. *American President Lines, Ltd.*, 149 Cal.App.2d 319 [308 P.2d 393].)

Appellant reasons that the existence of a factual issue was affirmatively decided in his favor when respondent's demurrer was overruled. In other words, a sufficient pleading raises a triable issue of fact requiring the denial of a motion for summary judgment.

This theory is erroneous. ■ The purpose of a demurrer is to test the legal sufficiency of a pleading, not to test the

174

evidence or other extrinsic matters. A demurrer admits all material and issuable facts properly pleaded, however, these facts are admitted solely and provisionally for the purpose of testing the question of law raised by the demurrer. No binding judicial admission is made by the filing of a demurrer. (2 Witkin, California Procedure, § 484, p. 1471.)

 The difference between a motion for a summary judgment and a demurrer was clearly stated by the court in *Coyne v. Krempels*, 36 Cal.2d 257, at page 262 [223 P.2d 244]:

". . . 'It is not the purpose of the procedure under section 437c to test the sufficiency of the pleadings.' (Citation.) If the pleadings are insufficient, the defect may be raised by demurrer or motion to strike, or by motion for judgment on the pleadings. The procedure for the entry of a summary judgment provides a method by which, if the pleadings are not defective, the court may determine whether the triable issues apparently raised by them are real or merely the product of adept pleading. The question therefore is not whether defendant states a good defense in his answer but whether he can show that the answer is not an attempt 'to use formal pleading as means to delay the recovery of just demands.' (Citations.)"

It was therefore proper for the court to entertain and rule on the motion.

 The purpose of the proceeding being to discover proof, the moving party must file affidavit(s) in support of his motion containing facts sufficient to entitle him to judgment in the action. The adverse party must file an affidavit in opposition showing sufficient facts to substantiate his allegations. These affidavits need only disclose evidence supporting a possible defense or cause of action, they need not prove it. Failure to disclose such evidence cannot be remedied by resort to verified pleadings. (*Coyne v. Krempels, supra,* 36 Cal.2d 257.) In considering the affidavits, those of the moving party should be strictly construed and those of his opponent liberally construed. The better rule is that the facts alleged in the affidavits of the party against whom the motion is made, must be accepted as true, and those affidavits, to be sufficient, need not necessarily be composed wholly of strictly evidentiary facts. (*Eagle Oil & Ref. Co. v. Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264].)

With these rules in mind, we shall proceed. Appellant states that his action is based upon two grounds: first, that the lower court was without jurisdiction; and second, that

the judgment in the libel action was obtained because of collusion between his attorney and his opposition.

A judgment on the merits, which is not void on its face and subject to collateral attack, is protected by the doctrine of res judicata after the time for a direct appeal has passed. The reason for this rule is that there must be an end of litigation. Therefore, once the parties have submitted a matter, or have had the opportunity of submitting it for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, the judgment must be regarded as final and conclusive. However, if a judgment is obtained by means of extrinsic fraud, or if the jurisdiction of the court was imposed upon, it is not entitled to the protection afforded by this doctrine and equitable relief will be allowed. (*Pico* v. *Cohn*, 91 Cal. 129, 133 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].)

Before a court can grant the relief requested by appellant, he must show the existence of extrinsic fraud.

Extrinsic fraud is defined in *Thiriot* v. *Santa Clara etc. Sch. Dist.*, 128 Cal.App.2d 548, 550-551 [275 P.2d 833]:

" '. . . Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. . . . If an unsuccessful party to an action has been kept in ignorance thereof . . . or has been prevented from fully participating therein . . ., there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. . . . Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. . . .' (*Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105].)"

An attorney, employed to represent a party, who connives against him or who corruptly sells out his client's interest to the other side, has engaged in such a fraud as to prevent a real contest in the trial. (*Flood* v. *Templeton*, 152 Cal. 148 [92 P. 78, 13 L.R.A.N.S. 579].)

█ Appellant's affidavit must disclose evidence showing the existence of collusion between his attorney and his adversary and must show that this collusion prevented him from presenting his case. █ Fully realizing the difficulty involved in proving fraud, it is our opinion that appellant's affidavit, as set forth above, does not present a triable issue. Appellant does not show wherein he was denied an opportunity to present his case or to offer testimony; he does not show that the inspection of these papers by his adversary resulted in his prejudice, or that his adversary gained an advantage by virtue of said inspection; nor does he show that respondent or his attorney had any knowledge that such papers were turned over to them for their inspection without appellant's consent or knowledge.

Appellant alleges in his complaint and in his affidavit that no cause of action was stated in the libel complaint and therefore the court did not have jurisdiction. His complaint alleges that the libel action went to trial only because of the collusion that existed between his attorney and his adversary.

█ Section 434 of the Code of Civil Procedure provides that failure to state a cause of action is a defect which is not waived by failure to demur. However, where a case is tried on the theory that the complaint is sufficient and that it raises the material issues which were decided by the verdict or judgment, formal defects in the manner of statement are cured. (*Fleischmann* v. *Lotito*, 6 Cal.2d 365, 367 [57 P.2d 922].) Appellant does not show that the defects he complains of in his complaint were not cured by the trial. Nor does his affidavit state wherein the complaint was defective. The affidavit raises no triable issue as to jurisdiction.

It is our view that appellant's affidavit, liberally interpreted, accepting all the facts alleged therein to be true and considering the fact that appellant, who wrote his own brief, is not versed in the law, does not present a triable issue. This being the case, respondent was entitled to a summary judgment to that effect.

Judgment affirmed.

Draper, J., and Martinelli, J. pro tem.,* concurred.

A petition for a rehearing was denied December 17, 1958.

---

*Assigned by Chairman of Judicial Council.