[No. B051918. Second Dist., Div. Three. Sept. 27, 1991.]

UAP-COLUMBUS JV 326132 et al., Plaintiffs, v.
PATRICK M. NESBITT, Defendant and Appellant;
NANCY WIBBELSMAN, Defendant and Respondent.

## COUNSEL

Katten, Muchin, Zavis & Weitzman, Veronica M. Gray, Steven Brower and Michael Khouri for Defendant and Appellant.

Argue, Pearson, Harbison & Myers, Stephen F. Harbison and Thomas R. Schalow for Defendant and Respondent.

## OPINION

**DANIELSON, J.**—This matter is before us on a motion by defendant and respondent Wibbelsman to dismiss the appeal in this action for lack of jurisdiction in this court because of failure timely to file a notice of appeal.

Pursuant to the request of defendant and appellant Nesbitt (rule 41(b), Cal. Rules of Court)[1] we placed the motion to dismiss on calendar for hearing because (a) the motion was potentially dispositive of the appeal, and (b) resolving the different interpretations of precedent by the parties might be aided by oral argument.

*Summary of the Case*

The essential question framed by the motion to dismiss appeal and opposition thereto is: Did the order and act of the court determining and allocating costs and allowable attorney fees by cost bill procedure after entry of judgment render that judgment interlocutory and not appealable? We rule that it did not; the judgment was final and appealable when entered, on March 19, 1990.

---

[1]All further references to rules are to the California Rules of Court.

The notice of appeal filed July 23, 1990, stated that it was "from . . . the judgment entered on March 19, 1990 . . . as modified by the Orders of this Court [taxing and allocating costs] entered on July 23, 1990." On August 13, 1990, there was filed a notice of cross-appeal from the judgment of March 19 and the order on costs entered July 23, 1990. The notice of appeal was not timely filed as to the judgment entered March 19, but was timely filed as to the order on costs, filed July 23, which is a separate appealable order. We dismiss the appeal and the cross-appeal from the judgment entered March 19, 1990. We deny the motion to dismiss the appeal from the order on costs entered July 23, 1990, and we limit the scope of this appeal to the order taxing and allocating costs.

### FACTUAL AND PROCEDURAL BACKGROUND

This controversy arises from an action in interpleader and for declaratory relief brought by UAP-Columbus JV 326132, a partnership, (UAP) and The Continent, JV 326128, a partnership, (The Continent) (hereafter collectively plaintiffs), on August 5, 1987, against defendant Patrick M. Nesbitt, appellant herein, and defendant Nancy Wibbelsman, respondent herein, sometimes collectively "defendants."

Plaintiff UAP, for itself alone, asserted the first cause of action, in interpleader, seeking to compel both defendants to interplead and to litigate between themselves their conflicting claims to money, $292,400.03, which UAP had deposited with the clerk of the court. UAP alleged that each of defendants claimed some right, title or interest in the deposited money, that those claims were adverse and conflicting, and that UAP was indifferent as to which of defendants' conflicting claims was correct.

In its interpleader cause of action plaintiff UAP inserted a request for allowance of its costs and reasonable attorney fees incurred in that action from the funds UAP had deposited with the court, as authorized by Code of Civil Procedure section 386.6, subdivision (a).[2]

Each of the two plaintiffs also pleaded a separate cause of action for declaratory relief, seeking a declaration of the rights of each of the defendants in such plaintiff partnership; of each of defendants' respective rights to receive future distributions from such plaintiff; the duty of each defendant to pay cash calls, if any, to such plaintiff; and declaring the rights and duties of that plaintiff partnership to each of the defendants.

On August 19, 1988, with leave of court, plaintiffs filed a "supplemental complaint in interpleader." It was identical with the original complaint

---

[2]All further statutory references are to the Code of Civil Procedure.

except that plaintiff UAP, for itself alone, alleged a new fourth cause of action, in interpleader, with which UAP deposited a supplemental disputed distribution of $230,750 with the clerk of the court. In this cause of action UAP inserted a request for costs and reasonable attorney fees, as it had in the first cause of action.

Plaintiff The Continent did not, at any time, allege a cause of action in interpleader; did not, at any time, insert in its cause of action a request for allowance of costs and reasonable attorney fees incurred in its action; and did not, at any time, deposit any money in interpleader with the court.

When the case was tried, the operative supplemental complaint alleged four causes of action as follows: two causes of action in interpleader and one cause of action for declaratory relief by plaintiff UAP, for itself alone; and one cause of action for declaratory relief by plaintiff The Continent, for itself alone.

After intensive and protracted litigation and trial the court signed and filed its statement of decision and its judgment on March 19, 1990.

In its statement of decision the court made its rulings on the issues raised by the pleadings and determined at trial, including both the interpleader and declaratory relief causes of action, but did not dispose of UAP's request for attorney fees and costs. As to those fees and costs, the trial court stated:

"H. *Plaintiffs' Costs and Fees*

"UAP's entitlement to costs and fees, and the allocation of such costs and fees as between Nesbitt and Wibbelsman, shall be determined by cost bill procedure after entry of this Judgment. Until the court makes its determination regarding the amount and allocation of such costs and fees, the clerk of the court shall not distribute any of the interpleaded funds and UAP shall not distribute the 1989 Distribution unless otherwise ordered to do so by the court."

On March 28, 1990, defendant Wibbelsman served notice of entry of judgment on defendant Nesbitt.

Fourteen days later, on April 11, 1990, the attorneys for the parties signed, and there was filed, a stipulation extending time to file a memorandum of costs to May 3, 1990.[3] On May 3, 1990, plaintiffs filed their memorandum of

---

[3]Rule 870(a)(l) requires that a party claiming costs shall serve and file a verified memorandum of costs within 15 days after date of mailing notice of entry of judgment; rule 870(b)(l) requires that any notice of motion to tax or strike costs shall be served and filed 15

costs, and on May 14, 1990, they filed an amended summary of costs, both with supporting documents.

Each of the defendants filed one or more motions to tax costs, together with extensive supporting papers.

The motions of defendants to tax costs were heard by the trial judge on July 23, 1990. The court disallowed certain claimed costs and, in its minute order entered July 23, 1990, ordered, inter alia: "Costs are taxed at $71,127.36 and are to be paid as follows: $47,418.24 by Wibbelsman and $23,709.12 by Nesbitt."

As we have noted, judgment was signed by the trial judge and filed ("entered," rule 2(b)) on March 19, 1990. On March 28, 1990, counsel for defendant Wibbelsman, now respondent, served by mail, and on March 29, 1990 filed, a notice of entry of judgment with a file-stamped copy of that judgment attached.

On July 23, 1990, defendant and appellant Nesbitt filed his notice of appeal "from . . . the judgment entered on March 19, 1990 . . . as modified by the Orders of this Court entered on July 23, 1990." On August 13, 1990, defendant and respondent Wibbelsman filed her notice of cross-appeal from "the Judgment entered on March 19, 1990, and from the post-judgment Order . . . entered July 23, 1990."[4]

## CONTENTIONS

1. Respondent Wibbelsman moves to dismiss the appeal and contends that this court has no jurisdiction over the appeal because notice of appeal from the judgment of March 19, 1990, was not timely filed.

2. Appellant Nesbitt contends that his notice of appeal filed July 23, 1990, was timely filed because the judgment entered March 19, 1990, was interlocutory, and therefore not appealable until modified by the court's order of July 23, 1990. In support of his contention he argues that further judicial action was essential to the final determination of the rights of the parties as to 1) the amount of costs and attorney fees to be awarded to plaintiffs, and 2) the allocation of those costs and fees against and between Nesbitt and Wibbelsman.

---

days after service of the cost memorandum; and Rule 870(b)(3) provides that the parties claiming and contesting costs may agree in writing, filed with the clerk, to extend to a date certain the time for serving and filing the cost memorandum and motions to strike or tax costs.

[4]The notice of appeal filed July 23, 1990, was filed by appellant Nesbitt's trial counsel, not by his counsel in this appeal.

## DISCUSSION

### *Jurisdiction*

█ "Jurisdiction is the threshold issue in all judicial proceedings. . . . Absent jurisdiction over the case or controversy, a court is without power to act. . . . The right of appeal of a judicial decision is wholly statutory and no judgment or order is appealable unless expressly made so by statute. [Citations.]" (*Supple* v. *City of Los Angeles* (1988) 201 Cal.App.3d 1004, 1009 [247 Cal.Rptr. 554]; and see, § 904.1.)

█ "[T]he requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider [an appeal] which has been taken subsequent to the expiration of the statutory period." (*Estate of Hanley* (1943) 23 Cal.2d 120, 122 [142 P.2d 423, 149 A.L.R. 1250]; *Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390]; accord, *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835 [187 Cal.Rptr. 449, 654 P.2d 219].)

The time for filing notice of appeal is governed, under the facts of this case, by rule 2(a), which provides that "a notice of appeal shall be filed on or before . . . (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment . . . by any party upon the party filing the notice of appeal . . . ."

█ In this case the judgment was entered on March 19, 1990; notice of entry of judgment was served by mail on March 28, 1990, and was filed on March 29, 1990; appellant's notice of appeal was filed 117 days after service, on July 23, 1990. If the judgment entered March 19, 1990, was appealable when entered, and absent some legal basis to establish that the mandates of rule 2(a) do not apply in this case, the notice of appeal from the judgment entered March 19, 1990, was not timely filed and we do not have jurisdiction to review that judgment on appeal.

### *A Judgment Is Appealable When No Further Judicial Action Is Essential to the Final Determination of the Rights of the Parties to the Action*

█ Whether a judgment is, or is not, appealable is determined by its substance and legal effect. It is often said that only a "final" judgment is appealable. Section 904.1 lists the appealable judgments and orders of a superior court. It does not employ the term "final judgment"; however, it implies that only "final" judgments are appealable by excepting

interlocutory judgments from appealability, with certain specified exceptions not relevant here. Essentially, a judgment is "final," so as to be appealable, when no further judicial action by the court is essential to the final determination of the rights of the parties to the action. As our Supreme Court has stated: "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11]; see also, authorities collected at 9 Witkin (3d ed 1985) Cal. Procedure, Appeal, § 67, p. 91.)

 In support of his contention that the judgment of March 19, 1990, was interlocutory, because further judicial action was essential to a final determination of the rights of the parties to the action, appellant cites to *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959 [231 Cal.Rptr. 241]. That decision is not authority for his contention.

*Kinoshita* was an appeal from a judgment in a proceeding for dissolution of a partnership. The reviewing court held that the judgment appealed from was interlocutory, and that the appeal must be dismissed because it was from a nonappealable order. The challenged judgment in *Kinoshita* ordered the receiver, subject to the court's approval, to sell the partnership property, pay its debts, distribute the remaining assets, and dissolve the partnership. The judgment did not specify the percentage interest held by some of the partners, nor did it provide a formula for allocating among the defendant partners the costs and expenses assessed against them. The judgment also provided that the trial court retained jurisdiction for all purposes to insure compliance with the judgment and dissolution and the distribution of the partnership assets. (*Kinoshita* v. *Horio, supra*, 186 Cal.App.3d at p. 962.) Clearly, in *Kinoshita*, further judicial action was essential to the final determination of the rights of the parties to the action. To the same effect, see: *Raff* v. *Raff* (1964) 61 Cal.2d 514 [39 Cal.Rptr. 366, 393 P.2d 678], in which our Supreme Court ruled that where an order approving the account of a receiver showed that the receiver was to continue to hold the assets and act as a receiver under orders of the court, the order was not appealable; and see *Middleton* v. *Finney* (1931) 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104].

That was not the situation in the case at bench where, after the judgment was entered on March 19, 1990, no further judicial action by the court was

essential to the final determination of the rights of the parties to the action. The issues raised by the parties in their pleadings, which were their causes of action in interpleader and for declaratory relief, had been tried and decided, and a judgment disposing of them had been signed by the court and entered. All that remained to be done was for the parties to tabulate and prove the costs which had been incurred in the process of litigation, plus attorney fees authorized by statute and incurred in litigating the interpleader causes of action, and to have the amounts of allowable costs and fees determined by the trial court, allocated between the defendants, and entered on the judgment. Nothing that took place following entry of the judgment on March 19, 1990, was judicial action essential to the final determination of the rights of the parties to the action.

### The Allowance of Attorney's Fees in Civil Actions

#### General Rule

"Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties . . . ." (§ 1021.)

#### Attorney's Fees Are Allowable in Interpleader Actions

Sections 386 and 386.5 set forth the procedures "by which an *obligor who is a mere stakeholder* may compel *conflicting claimants* to money or property to *interplead* and litigate the claims *among themselves* instead of separately against the obligor. The obligor may be the defendant in an ordinary action or a plaintiff bringing an interpleader suit. Upon admitting liability and depositing the money or property with the court, he is discharged from liability . . . ." (4 Witkin, Cal. Procedure (3d ed 1985) Pleading, § 263, p. 321, italics in original.)

Section 386.6 subdivision (a) provides that "A party to an action who follows the procedure set forth in Section 386 or 386.5 may insert in his . . . complaint . . . a request for allowance of his costs and reasonable attorney fees incurred in such action. In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court. At the time of final judgment in the action the court may make such further provision for assumption of such costs and attorney fees by one or more of the adverse claimants as may appear proper."

As noted above, plaintiff UAP did insert a request for the allowance of its costs and reasonable attorney fees in its two interpleader causes of action.

*Attorney Fees Awarded in Interpleader Actions
Are an Item and Component of Costs*

Chapter 6 of title 14, part 2, Code of Civil Procedure (§§ 1021-1038), provides for costs in civil actions. Section 1033.5, subdivision (c), paragraph (5) provides in part: "When any statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are allowable as costs pursuant to subparagraph (B) of paragraph (10) of subdivision (a)."

As we have seen, section 386.6 refers to the award of costs and reasonable attorney fees in interpleader proceedings; it is one of the statutes included in the ambit of section 1033.5, subdivision (c), paragraph (5).

*The Determination and Allocation of Allowable Attorney Fees and Costs
by Cost Bill Procedure After Entry of Judgment Does Not
Render That Judgment Interlocutory*

Appellant Nesbitt urges that the judgment of March 19, 1990, was interlocutory and therefore nonappealable because the court reserved the determination and allocation of costs and attorney fees for another time. He argues that the allocation of such costs and attorney fees was a principal argument between the two defendants, and therefore further judicial action was essential to the final determination of the rights of the parties.

In support of that argument Nesbitt points to section 386.6, subdivision (a), relating to costs and attorney fees in interpleader actions, which provides, in part: "At the time of final judgment in the action the court may make such further provision for assumption of such costs and attorney fees by one or more of the adverse claimants as may appear proper." The sense of Nesbitt's argument is that the making of *such further provision* means that the judgment is not final until the costs and attorney fees have been determined, allocated and ordered. That is contrary to the naked language of the statute which requires that the further provision for costs and fees be made "[a]t the time of final judgment . . . ." Thus the statute contemplates that a judgment which makes such a further provision is itself a final judgment.

In a further effort to support his argument that the judgment of March 19, 1990, was interlocutory, and not appealable, appellant Nesbitt points out that neither the amount nor the allocation between defendants of attorney fees and other costs was provided for in the judgment as entered. He then argues that "[u]ntil there is an actual provision for costs and attorney's fees in a court order granting a judgment of interpleader, the order is nonappealable."

He argues that plaintiffs' costs and fees were not actually determined and allocated until July 23, 1990, and, therefore, the judgment entered on March 19, 1990, was not final or appealable. This argument is entirely without merit. "Costs," a term which includes allowable attorney fees that by statute are an item and component of costs, are only incidental to the main action (*Wells Fargo & Co. v. City etc. of S. F.* (1944) 25 Cal.2d 37, 44 [152 P.2d 625]; *Kamper v. Mark Hopkins Inc.* (1947) 78 Cal.App.2d 885, 888 [178 P.2d 767]), and are not essential to the final determination of the rights of the parties to the action.

The right to receive costs following litigation of a civil action can be waived by the party entitled to them, or can be forfeited by failure of that party properly to claim them in a timely manner. Neither such waiver nor such forfeiture renders the judgment interlocutory and not appealable.

Appellant Nesbitt further argues that the judgment of March 19 was not final and appealable because even though the award of attorney fees as costs in interpleader actions is authorized by statute the apportioning, or allocation, of the burden of paying such costs, between two defendants, requires further judicial action and renders the judgment interlocutory. There is no merit in that argument. An order apportioning attorney fees is an appealable order after final judgment under section 904.1, subdivision (b). (*Breckler v. Thaler* (1978) 87 Cal.App.3d 189, 193 [151 Cal.Rptr. 50].) Also, section 1032, subdivision (a)(4), relating to costs provides that "the court, in its discretion, . . . may apportion costs between the parties on the same or adverse sides. . . ."

Here, the two defendants, though antagonistic to each other, were "parties on the same side" of the main action. The court had authority to apportion the costs between them.

### The Procedure for Determining and Awarding Costs

The procedure to be followed in claiming and contesting prejudgment costs is prescribed by section 1034 and by rule 870. Section 1034 is the statutory authority and provides, in part: "(a) Prejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council."

Rule 870(a)(1), as it applies to the facts of this case, provides: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date . . . of service of written notice of entry of judgment . . . ."

Rule 870(b) prescribes the procedure for striking and taxing costs, and rule 870(b)(4) provides for the entry of costs *on* the judgment; it reads: "[*Entry of costs*] After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk shall enter the costs *on* the judgment forthwith." (Italics added.)

The copy of the judgment in the record on appeal reflects that, in the judgment, the court ordered and decreed that "UAP is entitled to an award of *$71,127.36* . . . in costs and . . . in fees," to be allocated "*$23,709.12* . . . out of that portion of the funds which is awarded herein to Nesbitt," and "*$47,418.24* . . . out of that portion of the funds which is awarded herein to Wibbelsman."

In the judgment it appears that blanks (single underscores) were originally provided for each of the three dollar amounts set forth above. The dollar amounts inscribed above each of the underscores have been inserted by handwriting, each of which is followed by a small illegible manuscription, which we assume to be the initials of the writer, followed by "7-23-90," the date on which the motions to tax costs were determined.

In any event, as we have noted above, the right to appeal a judicial decision is wholly statutory. It follows that in order to exercise that right an appellant must take his appeal from an appealable order and must comply with the procedures prescribed by statute and rules of court which govern appeals. A threshold requirement for the taking of an appeal is the filing of a timely notice of appeal.

Further, just as the right of appeal is governed by statute and by rule, so the procedure for claiming, contesting and allowing costs is governed by statute and by rule. Here the trial court properly followed the procedure prescribed by statute and by rule for determining and allocating costs, and the clerk, pursuant to rule, properly inserted the costs, as determined by the court, *on* the judgment previously entered.

## CONCLUSION

The judgment entered March 19, 1990, was appealable when entered. The notice of appeal from that judgment, filed July 23, 1990, was not timely filed and is not effective and the appeal and the cross-appeal from the judgment of March 19, 1990, shall be dismissed.

In keeping with public policy, and rule 1(a) which provides that a "notice of appeal shall be liberally construed in favor of its sufficiency," the notice

of appeal, and the cross-appeal, from the order on costs made and filed July 23, 1990, are found to be sufficient.　．

### Decision

The motion to dismiss the appeal in this action is denied. The purported appeal and cross-appeal from the judgment entered March 19, 1990, are dismissed because notice thereof was not timely filed. The motion to dismiss appeal is denied as to the order relating to costs filed July 23, 1990. The scope of this appeal is limited to the order of July 23, 1990. Each party shall bear its own costs on this motion.

Klein, P. J., and Croskey, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 1991.