Filed 1/22/16  Martin v. Park Sierra Apartments CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| LEONARD MARTIN, | B242464/B244184 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC440277) |
| v. | |
| PARK SIERRA APARTMENTS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed with directions.

Leonard Martin, in pro. per.

Bremer, Whyte, Brown & O'Meara, Kere K. Tickner, Lanetta D. W. Rinehart, and Everett L. Skillman for Defendants and Respondents.

_____

**INTRODUCTION**

Leonard Martin appeals from a judgment, following a bench trial, in favor of respondents Park Sierra Properties, Ltd., doing business as Park Sierra Apartments (Park Sierra), GREP Southwest, LLC, doing business as Greystar (Greystar) and GHP Management Corporation. We conclude appellant has not met his burden of showing the trial court erred. Accordingly, we affirm the judgment.

Respondents request that we award them attorney fees and costs for this appeal pursuant to a fee provision in a written agreement between the parties. We conclude respondents are entitled to reasonable attorney fees and costs. Thus, we will remand the matter to the superior court to determine the amount of fees and costs.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Preliminarily, we note that appellant's opening brief violates rule 8.204 of the California Rules of Court by failing to concisely and clearly explain the factual and procedural background of the case. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 [self-represented party must follow rules of appellate procedure].) Based on the record and the appellate briefs, we deduce the facts set forth below.

A.      *Appellant's Rental of Apartment Unit*.

Park Sierra owns an apartment complex in Canyon Country, California. The complex is managed by Greystar. On November 16, 2009, appellant entered into a written lease agreement with Park Sierra, operator of the complex, to rent a unit at the complex from November 16, 2009 to May 31, 2011. The lease agreement contained a mold modification addendum stating that Park Sierra had inspected the unit prior to the lease and "knows of no mold or mildew contamination."

2

Appellant was informed, however, that mold could grow if the unit was not properly maintained, and was instructed to promptly notify Park Sierra of any leaks, moisture problems or mold growth.

Shortly after renting the unit, appellant noticed that during heavy rainstorms, water would enter the apartment. He called Park Sierra personnel on two separate occasions, but Park Sierra did not start repairing the apartment until March 2010. While the work was being done, Park Sierra paid for appellant to stay at a hotel of his choice.

Appellant stopped paying rent in March 2010, and did not pay any rent thereafter. On November 9, 2010, Park Sierra filed an unlawful detainer complaint against appellant for nonpayment of rent. After a bench trial, Park Sierra obtained a judgment on April 1, 2011, awarding it $13,129.90 in damages, including $6,899.10 in past due rent. Appellant moved out of the unit on April 18, 2011.

B.  *Appellant's Complaint Against Respondents*.

Appellant commenced the underlying matter on June 23, 2010. On March 3, 2011, appellant filed a fourth amended complaint (FAC or the operative complaint). The FAC alleged 12 causes of action against respondents: (1) public nuisance; (2) breach of covenant of good faith and fair dealing; (3) breach of contract (lease agreement); (4) fraud; (5) intentional infliction of emotional distress; (6) negligence; (7) negligence per se; (8) negligent misrepresentation; (9) premises liability; (10) strict liability (failure to warn); (11) strict liability (ultrahazardous activities); and (12) wrongful eviction.[1] The FAC alleged that respondents knew of, concealed, and failed to promptly remedy hazardous and

---

[1]    Appellant's daughter, Marissa Martin, originally was a plaintiff, but later was dismissed from the case.

toxic substances present in the apartment unit that appellant was renting. These toxic substances, which included mold, resulted in personal injury to appellant.

A trial on the operative complaint was set for May 14, 2012. Although appellant initially requested a jury trial, he later waived a jury. On April 2, 2012, appellant withdrew his designation of expert witnesses, leaving him with no expert witness for trial. Subsequently, respondents filed a motion in limine to preclude any evidence or testimony regarding appellant's alleged personal injuries from the purportedly defective apartment conditions, due to the lack of any expert testimony. On May 4, the trial court granted respondents' motion in limine. The court explained its ruling to appellant: "[T]o the extent you are claiming that any of these habitability issues, whether it be mold or something else, caused you personal injury . . . , you have to establish, as I told you before, by expert medical testimony that whatever your conditions that you are complaining of are the result [of] or caused by these habitability issues. In particular, mold requires potentially several levels of expert testimony: someone to testify that there were dangerous levels of mold toxins in your apartment . . . and then probably another expert, a medical expert, who would then say that the conditions you complain of are caused by your exposure to the mold as established by the first expert."

A bench trial on the operative complaint commenced on May 14, 2012. After appellant rested his case, respondents moved for judgment pursuant to Code of Civil Procedure section 631.8.[2] The trial court granted the motion. It stated: "I

---

[2] Code of Civil Procedure section 631.8, subdivision (a) provides: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party . . . ."

4

believe  you are credible, Mr. Martin, but I don't think there were enough facts provided to the court to sustain your burden of proof."  The court determined that "the defendants did comply with their duties toward you in terms of the negligence and the premises liability claims."  While it took Park Sierra longer than it should have to repair the water intrusion problem, "it doesn't seem to me it was unreasonably long, . . . or that in that time frame between your first complaint and when the effort was made to address the problem that you suffered any damages."  The court noted that the repair was done in an "expeditious manner" with minimal disruption.  Furthermore, "the defendants went over and above their obligation by putting you up in a hotel for a further period of time, based upon your complaint about the situation that you were living in."

With respect to the fraud and negligent misrepresentation claims, the court stated that those claims failed because appellant presented no evidence that respondents had prior knowledge of the water intrusion problem.  For example, appellant did not produce a "percipient witness . . . who could establish that the problems you experienced were similar to or the same as someone who lived there prior to you, and that management knew about it and failed to take any action to correct it or just kind of painted over it."  Finally, with respect to the breach of contract claim, for the reasons just stated, the court held the evidence did not establish that respondents had failed to comply with or breached any of their obligations under the lease.  In addition, even if respondents had breached the lease agreement, the court found "there would not have been any damages" because "the only appropriate measure of any damages . . . would [have been] a reduction in your rent.  Since you were not paying rent for the most part, . . . there would be no damages there."

The court ordered respondents to prepare a proposed judgment. On June 29, 2012, appellant noticed an appeal from the "judgment or order" entered May 15, 2012.[3]

On May 31, 2012, respondents filed a motion for fees and costs pursuant to an attorney fee clause in the lease agreement. The attorney fee clause provides: "If any legal action or proceeding is brought by either party to enforce any part of this Agreement, the prevailing party shall recover, in addition to all other relief, reasonable attorneys' fees and court costs." In his opposition, appellant raised a single argument -- that the trial judge should be disqualified because of an ex parte communication with respondents' counsel. As discussed below, appellant's complaint on the same issue was dismissed following an investigation. (See, *infra*, Part C.) On July 20, 2012, the trial court granted respondents' motion for fees and costs. It noted that there was no opposition on the merits, and it determined that the amount requested was reasonable and necessary. Judgment was entered in favor of respondents and against appellant on all causes of action. The judgment also awarded $142,853.25 in costs and attorney fees to respondents. Appellant noticed an appeal from the judgment. We consolidated the two appeals under appellate number B242464.

C.    *Appellant's Complaint Against Judge Scheper.*

On June 29, 2012, appellant filed a complaint regarding an ex parte communication between Judge Scheper and Jason Pemstein (respondent's trial counsel) during the trial. The complaint was referred to Assistant Supervising Judge Daniel J. Buckley for review. After investigating the matter, Judge Buckley

---

[3]    Appellant also noticed appeals from a "judgment or order" entered May 4, and a "judgment or order" entered May 11, 2012. As there were no separately appealable judgments or orders entered on those dates, we dismiss those appeals for lack of appellate jurisdiction.

6

found the following events occurred. Judge Scheper had ordered the parties to meet in the jury room to resolve disputes about trial exhibits. Pemstein returned to the courtroom to retrieve an exhibit binder. Appellant remained in the jury room. Pemstein asked the clerk if he could get the exhibit binder from the witness stand. Judge Scheper, who had just finished the morning calendar and was walking off the bench, told Pemstein he could take the binder. When Pemstein returned to the jury room, he immediately informed appellant about the ex parte communication. Appellant chose not to raise the issue with Judge Scheper. Instead, more than month after the trial had concluded, appellant filed the complaint. On these facts, Judge Buckley found that Judge Scheper did not act inappropriately or improperly.

## DISCUSSION

A. *Appellant has not Shown the Trial Court Erred.*

On appeal, the judgment of the trial court is presumed to be correct, and appellant has the burden of demonstrating reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; accord, *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.) Moreover, any issue not adequately raised or supported is deemed forfeited. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6; accord, *Diamond Springs Lime Co. v. American River Constructors* (1971) 16 Cal.App.3d 581, 608; see also *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["The appellate court is not required to search the record on its own seeking error."].)

Here, appellant has demonstrated no reversible error. He contends the trial judge, Judge Scheper, should have been disqualified due to the ex parte communication with Pemstein. Appellant does not challenge Judge Buckley's

7

factual determinations relating to the ex parte communication. On the uncontradicted record, we conclude there was no judicial misconduct. Accordingly, we reject appellant's contention that Judge Scheper should have been disqualified.

On the merits, appellant contends respondents acknowledged their liability on his claims, but the cited documents do not constitute acknowledgments of liability. Rather, they reflect respondents' admissions that they own or manage the property. Those admissions, by themselves, do not demonstrate that respondents are liable on appellant's claims. To prove respondents liable, appellant also was required to show, among other things, that respondents breached a duty or committed fraud, and that appellant suffered damages as a result of respondents' wrongful conduct. Appellant made no such evidentiary showings.

Appellant contends he proved all of his causes of action. His purported "proof" consists of his own conclusory statements and evidence not admitted at trial. For example, in his opening appellate brief, appellant states, without factual citation or further elaboration, that Park Sierra breached its duty of care to him. However, appellant provides neither factual support nor legal argument addressing the trial court's legal rulings to the contrary. Similarly, appellant cites to documents excluded by the trial court, but offers no reasoned legal argument demonstrating the court's evidentiary rulings were in error. Appellant's failure to address the evidentiary rulings constitutes a forfeiture of any challenge to those rulings and precludes us from considering the excluded evidence. On the record before the trial court, it did not err in finding appellant had failed to meet his burden of proof.

Finally, although the judgment awarded respondents their attorney fees and costs, appellant does not address the award of fees and costs. Accordingly, he has

forfeited any challenge to the award of fees and costs. In sum, appellant has failed to meet his burden of showing the trial court erred.

B. *Respondents are Entitled to Appellate Attorney Fees.*

Respondents request that this court award them reasonable attorney fees and costs for this appeal. As discussed above, the lease agreement authorizes an award of fees to the prevailing party. "'A contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial.'" (*Wilson v. Wilson* (1960) 54 Cal.2d 264, 272, quoting *Dankert v. Lamb Finance Co*. (1956) 146 Cal.App.2d 499, 503-504.) Moreover, under Civil Code section 1717, where a written contract expressly provides for the award of attorney fees, the prevailing party in an action under or relating to the contract is entitled to recover its fees, whether incurred at trial or on appeal. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876; see also *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499 [ "A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise. [Citations.]"].) Thus, respondents are entitled to an award of reasonable attorney fees and costs for this appeal, which shall be determined by the superior court after issuance of a remittur. (See *Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 552, fn. 11 [determination of reasonable amount of appellate fees and costs rests most appropriately with the trial court].)

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal. The matter is remanded with directions to the superior court to determine and

award respondents reasonable attorney fees for this appeal pursuant to the attorney fee provision in the lease agreement.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.