Filed 5/20/26  Murthi v. Apple CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THENMOZHI MURTHI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant and Respondent. | D086253<br><br><br><br>(Super. Ct. No. 25CU001846C) |

APPEAL from a judgment of the Superior Court of San Diego County, James A. Mangione, Judge.  Affirmed.

Thenmozhi Murthi, in pro. per., for Plaintiff and Appellant.

ArentFox Schiff and Douglas E. Hewlett, Jr. for Defendant and Respondent.

Thenmozhi Murthi appeals from a judgment of dismissal following entry of an order sustaining a demurrer by Apple Inc. (Apple).  She contends the trial court erred in sustaining the demurrer and in denying leave to amend.  We conclude Murthi has not met her burden on appeal.  Hence we affirm.

## I.   BACKGROUND

This appeal arises in the context of two lawsuits in which Murthi sued Apple, alleging that, over a four-year period, she experienced "hundreds of

odd . . . issues" involving various Apple products; that Apple's customer support team failed to adequately address these issues; that these failures impeded her career progress; and that she sustained $60 million in damages as a result. In the first lawsuit, Murthi filed three complaints. In the second lawsuit, ,she filed two more.[1]

The first of Murthi's five complaints asserted causes of action for negligence, an unspecified intentional tort, and products liability. This complaint included no allegations of fact. Apple filed a demurrer in which it argued that the complaint was uncertain, ambiguous, and unintelligible, and that it failed to state facts sufficient to constitute a cause of action. The trial court sustained this demurrer with leave to amend.

The second complaint asserted the same three causes of action that had been asserted in the first complaint, plus two more—breach of warranty and violation of the Consumer Privacy Act. This complaint included allegations pertaining to the problems Murthi reported having experienced with Apple products and Apple customer support. In response to this complaint, Apple again filed a demurrer in which it argued that the complaint was uncertain, ambiguous, and unintelligible, and that it failed to state facts sufficient to constitute a cause of action. But this demurrer was not heard because, while it was pending, Murthi failed to appear at a case management conference and, thereafter, at a hearing on an order (issued at the case management conference) to show cause why the case should not be dismissed. At the hearing on the order to show cause, the court dismissed the first case without prejudice.

---

[1] Murthi denominated three of the complaints (the second, third, and fifth) "first amended." To avoid confusion, we refer to the five complaints ordinally (i.e. as first complaint, second complaint, third complaint, etc.)

The third complaint was similar to the second complaint, but also included exhibits. It did not become operative, however, because it was filed without authorization, at a time when the second complaint was still pending. (See Code Civ. Proc., § 472, subd. (a); *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 175.)

The fourth complaint named an additional defendant—Verizon Inc. (Verizon). This complaint asserted, against Apple and Verizon, the same three causes of action that had been asserted against Apple in the first complaint; and, like the second and third complaints, it included allegations pertaining to the problems Murthi reported having experienced with Apple products and Apple customer support. Apple responded to this complaint by filing a third demurrer in which it argued that the complaint was uncertain, ambiguous, and unintelligible, and that it failed to state facts sufficient to constitute the pleaded causes of action. Murthi filed no opposition to this demurrer, and the trial court sustained the demurrer without leave to amend.

The fifth complaint was filed without authorization while the demurrer to the fourth amended complaint was pending.[2] It asserted three new causes of action against Apple: violation of the Fourth Amendment to the United

---

[2]   Although an amended complaint may be filed without leave of court once as a matter of course before the deadline to oppose a demurrer to the preceding complaint (Code Civ. Proc., § 472, subd. (a)), Murthi did not file the fifth complaint until after the deadline to oppose Apple's demurrer to the fourth complaint had elapsed.

States Constitution, violation of the California Invasion of Privacy Act, and breach of contract.[3]

In evaluating and ruling on the demurrer to the *fourth* complaint, the trial court exercised its discretion to consider whether the allegations of the *fifth* complaint might support leave to amend. But it concluded that the fifth complaint failed to state claims on which relief could be granted, that the claims' deficiencies could not be remedied, and, therefore, that leave to amend would be futile. Thus the court sustained this demurrer *without* leave to amend. Thereafter, it entered a judgment of dismissal.

Murthi timely appealed.

## II.    DISCUSSION

In her briefs on appeal, Murthi argues that the allegations and exhibits in the complaints furnish evidence proving that Apple was liable for violation of the Fourth Amendment and the Consumer Privacy Act, for negligence, and for breach of contract.[4] But, as we explain *post*, these arguments are inapposite and unsupported by authority.

Murthi's arguments are inapposite because the purpose of a demurrer in response to a complaint is not to test the sufficiency of evidence. Instead it is to test the applicability of legal theories to the facts alleged in the complaint. (*Frayo v. Martin* (2024) 102 Cal.App.5th 1025, 1032 [" ' "The purpose of a demurrer is to test the sufficiency of a complaint by raising

---

[3]    The fifth complaint purported to "add" these causes of action to those pleaded in the fourth complaint. In addition, it asserted a claim for violation of the Telephone Consumer Protection Act of 1991, but it pleaded this claim against Verizon only.

[4]    In making these arguments, Murthi incorrectly characterizes Apple's demurrers as "reasoning that there is no factual evidence in the plaintiff refiled complaint [*sic*]."

4

questions of law." ' "]; *McHugh v. Howard* (1958) 165 Cal.App.2d 169, 173–174 ["The purpose of a demurrer is to test the legal sufficiency of a pleading, not to test the evidence."].)

To enable us to consider the applicability of such legal theories, the rules of appellate procedure require a party, whenever possible, to support its legal arguments by citation to legal authorities.  (See e.g., *People v. Stanley* (1995) 10 Cal.4th 764, 793 [" '[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' "]; 9 Witkin, Cal. Proc. (6th ed. 2026) Appeal § 729 [same]; *Singman v. IMDB.com, Inc.* (2021) 72 Cal.App.5th 1150, 1151–1152 ["An absence of legal authority forfeits an appellant's cause."]; *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 [" 'We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory.' "]; *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 [same]; *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 [same]; Cal. Rules of Court, rule 8.204(a)(1)(B).)  This requirement applies not only to parties represented by counsel, but also—with equal force—to parties representing themselves.  (*Tanguilig,* at p. 520 ["a party appearing in propria persona . . . 'is entitled to the same, but no greater, consideration than other litigants and attorneys' "]; *Dilbert* at p. 323 [" 'self-represented parties are " 'held to the same restrictive procedural rules as an attorney.' "  [Citation.] " ' "A doctrine . . . permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation" ' "].)

Here, Murthi's briefs are long on factual assertions and argument, but short on authority.  For example, Murthi argues without citation to authority

5

that "the trial court's comment [that] 'there is no private right of action against a private individual or entity for violation of the fourth amendment' was [merely] the trial court's discretionary opinion . . . and not based on any legal precedent."[5]  But the court's conclusion in this regard is indeed supported by precedent, and the authorities comprising that precedent contradict Murthi's argument.  (See, e.g., *U.S. v. Jacobsen* (1984) 466 U.S. 109, 113 ["This Court has . . . consistently construed [the Fourth Amendment] as proscribing only governmental action"]; *Carpenter v. United States* (2018) 585 U.S. 296, 303 (*Carpenter*) ["The 'basic purpose of [the Fourth] Amendment,' . . . 'is to safeguard the privacy and security of individuals against arbitrary invasions *by governmental officials*' " (italics added)]; *United States v. Stevenson* (8th Cir. 2013) 727 F.3d 826, 829 ["The Fourth Amendment . . . does not constrain private parties unless they act as agents or instruments of the government."].)  Murthi offers no authority of any kind that supports the arguments it is her burden to carry.

Murthi's briefs are not *wholly* bereft of authorities.  Indeed, she does cite two authorities in her opening brief, and then those same two authorities plus two more in her reply brief.  But the propositions for which she cites

---

[5]     The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

these authorities are matters that either are insubstantial or not in dispute.[6] Thus, Murthi having failed to cite apposite authorities that support her arguments, we deem the arguments waived.

From our review of Murthi's complaints and her briefing on appeal, we understand that Murthi feels aggrieved by the functioning of her Apple devices and by her interactions with Apple customer service. As stated in her opening brief, she believes the public interest would be served by "court intervention and investigation," and she requests "the opportunity with oral proceedings to explain her complaints to all the parties (the appellate court, the San Diego Superior court and the defendant legal team) in making the rightful change for the society." However, our role is to serve as a neutral arbiter, applying the legal principles that govern all parties. It is not to investigate. Nor is it to develop, articulate, and support legal theories of action on behalf of one of the parties. That is Murthi's burden; she has failed to meet it.

---

[6]    Murthi cites: (1) *Katz v. United States* (1967) 389 U.S. 347 for the proposition "that . . . cellphones are protected under the fourth amendment"; (2) *Kyllo v. United States* (2001) 533 U.S. 27 (2001) for the proposition that "the government must obtain a search warrant to use technology for surveillance"; (3) *Riley v. California* (2014) 573 U.S. 373 for the propositions that "the government must obtain a search warrant . . . to search the digital content on an individual's cellphone" and "that even a law enforcement officer require [*sic*] a warrant to search the digital information on a cell phone during an arrest"; and (4) *Carpenter, supra,* 585 U.S. 296 for the propositions that "cell phone location data is a personal information [*sic*]" and that a doctrine recognizing that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties is "limited . . . to . . . cell site location information," as well as for its explanation of how wireless transmission of telephone calls works. Other than these four opinions, cited for the purposes noted, Murthi's briefs are bereft of citation to authority.

7

## III. DISPOSITION

The judgment is affirmed.  Apple is entitled to costs on appeal.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.